SADYE KERR, Respondent, *v.* NEW AMSTERDAM CASUALTY COMPANY, Appellant.

Third Department, July 2, 1937.

*Del B. Salmon* [*Patrick C. Dugan* of counsel], for the appellant.

*Carter & Conboy* [*James Conboy* and *J. S. Carter* of counsel], for the respondent.

RHODES, J. The action is in equity, and plaintiff seeks thereby to reform a motor vehicle liability insurance policy and to enforce the liability alleged to be assumed by said policy if changed to conform to her theory.

There is no disagreement as to the material facts. Alexander Kerr, now deceased, was the husband of plaintiff and was the owner of an automobile covered by the policy in question issued by the defendant. In previous years similar policies had been issued to him insuring him from public liability by virtue of the operation of his motor car. While the policy was in force, and on October 19, 1934, plaintiff was riding as a passenger in said automobile with her son, who was operating the car with the permission of his father, the owner. An accident occurred in which plaintiff sustained personal injuries and thereafter brought action against said son in which she recovered damages for said injuries in the sum of $14,787.67. Execution thereon was issued and returned unsatisfied, whereupon plaintiff brought the present action, claiming that said policy. if reformed, covers the liability of the driver for her injuries.

The schedule of statements in the policy contains the following: "Name of Assured — Alexander Kerr and/or Sadie Kerr."

The first paragraph of the policy states in part that the insurer " does hereby agree *with the named Assured* as respects bodily injuries or death suffered, or alleged to have been suffered, by any person or persons *other than the named Assured* as the result of accidents occurring * * * by reason of the ownership " of the automobile in question.

The contract contains a so-called omnibus clause providing coverage " so as to be available in the same manner and under the same conditions as it is available to the named Assured, to any person or persons while riding in or legally operating " said automobile.

The instrument distinguishes between " Assured " and " named Assured," and defines the meaning by stating that: " The unqualified term ' Assured ' wherever used in this Policy shall include in each instance any other person, firm or corporation entitled to insurance under the provisions and conditions of this paragraph, but the qualified term ' named Assured ' shall apply only to the Assured named and described as such in the schedule of statements."

The plaintiff contends and the court below correctly found that plaintiff was not the owner of the automobile; that she was not a party to any contract with the defendant insurer and never entered into any contract with said insurer, and that she did not know that she was named as an assured in said contract until subsequent to the accident in question.

The plaintiff recognizes that, under the terms of the policy as written, she has no enforcible claim against defendant. She insists, however, that, as her name was inserted in the policy as a named assured without her consent or knowledge, she is entitled to have the policy reformed and changed by striking therefrom her name as a named assured. The judgment below grants such relief.

The fundamental error of the plaintiff, however, is in the assumption that, by the insertion of her name in the policy as a named assured, she thereby became in terms and in effect a party to the agreement made between her husband and the insurer. The policy is unilateral and does not contain nor purport to contain the signature of either of the " named Assured." In the transaction between plaintiff's husband and the insurer she had no part, and there was no privity of contract or of interest between her and the insurer (See *American Lumbermens Mutual Casualty Co. of Illinois* v. *Trask*, 238 App. Div. 668; affd., 264 N. Y. 545), although she has the right to avail herself of the provisions made for her benefit. (*McClare* v. *Mass. Bonding & Ins. Co.,* 266 N. Y. 371.)

The owner was not required to provide insurance as compulsory insurance is not provided for by the laws of this State; furthermore, it was competent for the parties to limit the amount and coverage of the policy. (*Brustein* v. *New Amsterdam Casualty Co.*, 255 N. Y. 137; *Devitt* v. *Continental Casualty Co.*, 269 id. 474; *Bakker* v. *Ætna Life Ins. Co.*, 264 id. 150.)

The policy indicates that the owner had a very definite plan as to the coverage desired. He procured a policy which not only insured the driver of the car against liability, but he procured insurance which would protect his wife in a case where her liability might be established, as, for instance, where she might assume to direct the driver of the car and thus be personally liable for negligence in its operation. The protection offered by the policy was in the nature of a gift or favor procured for her benefit, in the procurement of which she was in no way an actor; and any offer of a gift or benefit must be accepted in accordance with the terms of the offer. Here she seeks to render the insurer liable by remaking a contract to which she is not a party, and in the making of which she had no part.

It is to be kept in mind that the policy deprives her of no right which she previously had. Her rights and remedies against the driver remain unimpaired, as fully as if no insurance had been issued.

When the owner obtained the insurance in question it was a matter over which she had no control; the terms and conditions of such insurance were optional with him, and as to these she could not interfere or dictate.

There was no mistake either on the part of the insurer or of the owner as to the terms of the policy, and there was no fraud, misrepresentation or misunderstanding. As already emphasized, the plaintiff was a stranger to the transaction resulting in the issuance of the policy, and if she is to avail herself of any benefit afforded by it she must conform to its terms and conditions; she has no standing to require any alteration thereof or any elimination therefrom.

The judgment should be reversed and the complaint dismissed on the law. with costs to the defendant in this court and in the court below.

HILL, P. J., and McNAMEE, J., concur; CRAPSER, J., dissents, and votes to affirm; BLISS, J., dissents, and votes to affirm, with a memorandum.

BLISS, J. (dissenting). I dissent from the opinion of Judge RHODES for reversal and vote to affirm the judgment and order appealed from.

This plaintiff comes within the express provisions of present subdivision 1 of section 109 of the Insurance Law. She is an injured person who has recovered judgment for the injury she sustained against a person insured under the policy, namely, the driver of the automobile. As such injured person who has recovered such a judgment she may maintain an action against the insurer. The terms of the policy which attempt to exclude her from the benefits of section 109 are a violation of this section, and are, therefore, ineffectual.

Judgment reversed on the law, with costs, and complaint dismissed, with costs.