## JENKINS v. MORANO et al.
### Civil Action No. 597.

District Court, E. D. Virginia,
Richmond Division.

Sept. 25, 1947.

May, Simpkins, Young & Rudd, of Richmond, Va., for plaintiff.

Leaman & Browder, of Richmond, Va., for defendant.

HUTCHESON, District Judge.

This case involves a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following Section 723c.

On May 17, 1946, Berkley M. Jenkins, a resident of Virginia, obtained a judgment in the Law and Equity Court of the City of Richmond, Part II, for $3500 against Sydney C. Morano, also a resident of Virginia, in a suit brought by Jenkins for injuries suffered while a passenger in his own automobile then being driven by Morano with Jenkins' permission. At the time of the accident Jenkins carried liability insurance on his automobile, written by the State Farm Automobile Insurance Company, an Illinois corporation. Under the terms of the policy coverage for bodily injury to the insured, Jenkins, was excluded under the provisions of "Insuring Agreement III (a)" and "Exclusion (e)" of said policy.

The judgment obtained by Jenkins in the State Court against Morano was not satisfied, and on June 10, 1946, Jenkins, hereafter designated "plaintiff," caused a writ of garnishment to be issued by the State Court which rendered the judgment and served upon the State Farm Mutual Automobile Insurance Company, hereafter designated "garnishee."

The garnishee filed a petition and bond for removal of the case to this Court on the ground of diversity of citizenship combined with an amount in controversy in excess of $3000.

The principal defendant, Sydney C. Morano, has filed an answer in this Court admitting the existence of the State Court judgment, but he alleges that he is exonerated from liability by the terms of the insurance contract entered into between the plaintiff and the garnishee.

The answer of the garnishee relies principally on the exclusionary provisions of "Insuring Agreement III (a)" and "Exclusion (e)" previously mentioned.

The controlling question to be resolved on the motion for judgment on the pleadings is correctly stated in the memorandum filed on behalf of the plaintiff, as follows:

"Should the Court give the effect contended for by the garnishee to Insuring Agreement III (a) and to Exclusion (e) of the policy by holding that no coverage is

provided in the case of injuries received by the plaintiff, the insured named in the policy, or should it hold, as is contended by the plaintiff, that coverage exists for the reason that the policy provisions cited are void, as being in conflict with Section 4326 (a) of the Code of Virginia and the principal insuring agreement contained in the policy?"

It then becomes apparent that the precise terms of the contract of insurance and the provisions of the applicable statute contain the key to the answer to the question posed.

The purpose of the contract of insurance between the plaintiff and the garnishee is clearly stated in Paragraph I of the policy:

"Coverage A—Bodily Injury Liability. To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages * * * because of bodily injury, * * *."

"Insuring Agreement III (a)" of the contract of insurance reads as follows:

"Except where specifically stated to the contrary, the unqualified word "insured" wherever used in coverages A and B and in other parts of this policy, when applicable to such coverages, includes not only the named insured but also any person while using the automobile and any person or organization legally responsible for the use thereof, provided the declared and actual use of the automobile is "pleasure and business" or "commercial", each as defined herein, and provided further the actual use is with the permission of the named insured. The provisions of this paragraph do not apply:

"(a) To any person or organization with respect to bodily injury to or death of any person who is a named insured;"

The remaining contract provision now under consideration is "Exclusion (e)," which provides:

"Exclusions

"This policy does not apply:

(e) Under Coverage A, to bodily injury to or death of any employee of the insured while engaged in the business, other than domestic employment, of the insured, or while engaged in the operation, maintenance or repair of the automobile; or to any obligation for which the insured may be held liable under any workmen's compensation law, or to the insured or any member of the family of the insured residing in the same household as the insured;"

The exclusionary provisions are in conflict with the purport of the principal insuring agreement set out above, since bodily injuries suffered by the named insured can not be construed as a liability for damages imposed by law upon the named insured.

Nor are the provisions contradictory of the provisions of Section 4326a of the Code of Virginia, which section is, by operation of law, to be read as a part of the policy. Maxey v. American Casualty Company, 180 Va. 285, 23 S.E.2d 221; Newton v. Employers Liability Assurance Corporation, 4 Cir., 107 F.2d 164.

As I read the Virginia Statute, it is intended to provide for the subrogation of an injured third party to the rights of the one indemnified against loss, as against the insurance carrier. It provides:

"No policy of insurance against loss or damage * * * for which the person insured is liable * * * shall be issued or delivered * * * unless there shall be contained within such policy a provision that the insolvency or bankruptcy of the person insured shall not release the insurance carrier * * * in case execution against the insured is returned unsatisfied * * * because of such insolvency or bankruptcy * * *."

The second paragraph provides:

"No such policy shall be issued * * * unless there shall be contained within such policy a provision insuring such owner against liability for damages * * * resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person legally using or operating the same * * *."

The above provisions, when read in the light of the decisions in the Newton and Maxey cases, would appear designed to afford protection to two classes of persons,

(1) the operator of the automobile (in this case Morano); and (2) those not concerned with the operation of the automobile.

In the Newton and Maxey cases, members of the second class involved were strangers to the contract of insurance. The precise question here presented is whether Jenkins, the owner of the automobile and the named insured in the insurance contract, under the facts of this case, occupies the position of those in the second class before mentioned.

No case precisely in point has been cited nor has come to my attention. The garnishee has cited the case of Kerr v. New Amsterdam Casualty Company, 251 App. Div. 580, 297 N.Y.S. 889, in which there was involved the reformation of a policy contract which named the plaintiff, along with her husband, the owner of the car, as an insured person. After obtaining a judgment against her son, the plaintiff filed a suit for reformation of the policy contract by deletion of her name as an insured in order that she would not be covered by its terms. Reformation was denied. While that case is not in point, it throws some light upon the attitude of the New York court in considering a situation closely analogous to this one.

The Virginia Statute does not require insurance coverage. The owner of the automobile may therefore either carry no insurance or he may contract with the carrier for such limited coverage as he may desire, provided such coverage is not in conflict with the Virginia Statute cited. The owner, Jenkins, who procured the policy, is a party to the contract and he has consented to the exclusions there set out. Had he so elected he might have obtained a contract insuring himself against accident and for all that the record in this case discloses he may have such contract. The policy under which Jenkins was insured, under the statute as interpreted by the Newton and Maxey cases, covers Morano. It then becomes necessary to consider the extent of the coverage to which Morano is entitled by operation of law. Turning again to the Newton and Maxey cases, it would appear that the courts were there concerned with the protection of those not involved in the operation of the automobile and referred to herein as the second class. See also Lumbermen's Mutual Casualty Company v. Indemnity Insurance Company, 186 Va. 204, 42 S.E.2d 298.

It should be borne in mind that members of that class have no control over the automobile and no choice in determining the insurance protection provided. Jenkins occupies a different status. It is he who determines the extent of the insurance coverage. He is the owner of the automobile and the person primarily responsible for the situation which has arisen since he had the authority to determine by whom it should be operated. It is my view that he should be bound by the terms of his own contract as between himself and the insurance carrier.

It is my opinion that the terms of the policy referred to as "Insuring Agreement III (a)" and Exclusion (e)" as applicable to the plaintiff, are not void under the facts of this case as in conflict with Section 4326a of the Code of Virginia, and the motion for judgment in favor of the garnishee should be granted.

It is suggested that counsel for the garnishee draft appropriate order, submitting it to counsel for the plaintiff for endorsement before presentation for entry.