## Richmond

D. M. Lackey v. Virginia Surety Company, Incorporated.

April 28, 1969.

Record No. 6905.

Present, All the Justices.

*Michael W. Moncure, III (Moncure & Cabell,* on brief), for plaintiff in error.

*F. Byron Parker (F. Byron Parker, Jr.,* on brief), for defendant in error.

Buchanan, J., delivered the opinion of the court.

D. M. Lackey, plaintiff, filed this action against Virginia Surety Company, Incorporated, defendant, to collect from defendant under its insurance policy a judgment for $4,216.98 with interest and costs which Lackey had recovered against the administrator of James Edward Thomas. The court below found in favor of the defendant, and plaintiff was granted a writ of error.

Counsel for the parties have stipulated that the facts and issues are substantially as follows:

On December 7, 1958, a vehicle owned by the plaintiff Lackey was damaged in a collision on U. S. Route 1, in Caroline county, Virginia, when it was struck by a vehicle operated by James Edward Thomas, who was killed in the collision. Lackey also owned the vehicle being operated by Thomas, who was an employee of Golden Gift, Incorporated.

Lackey instituted suit in Caroline county against the administrator of Thomas for damage to the vehicle struck by Thomas,* and on September 24, 1964, Lackey recovered a judgment against the administrator of Thomas for said sum of $4,216.98 and costs. The administrator's petition for writ of error to that judgment was refused by this court on March 3, 1965. Execution on the judgment was issued later and return of no property found was made.

At the time of the collision between the two vehicles, Virginia Surety Company, Incorporated, defendant herein, had in force and effect its automobile liability policy No. 63957, in which D. M. Lackey and Golden Gift, Incorporated, were the "named insured". The vehicle Thomas was driving had been leased by Lackey to Golden Gift, Incorporated, and Thomas was driving it with the permission of Golden Gift. The other vehicle involved in the accident had also been leased by Lackey to Golden Gift.

Under the heading "INSURING AGREEMENTS" in said automobile liability policy was this paragraph:

"Coverage B—Property Damage Liability: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the ownership, maintenance or use of the automobile."

Under the heading "EXCLUSIONS" was this provision:

"This policy does not apply:
* * *

"(f) under coverage B, to injury to or destruction of property owned or transported by the insured, or property rented to or in charge of the insured other than a residence or private garage injured or destroyed by a private passenger automobile covered by this policy;"

The stipulation states that the first issue involved is whether this action is barred by the statute of limitations, but this question is not argued and apparently has been abandoned.

---

* That action was dismissed by the trial court but the judgment of dismissal was reversed by this court and the case was remanded for a new trial. *Lackey* v. *Brooks, Adm'r*, 204 Va. 428, 132 S.E.2d 461.

The second (and only remaining) issue involved is stated to be whether the language contained in subsection (f) as above "excludes coverage to James Edward Thomas, deceased, as a result of the accident on December 7, 1958."

This issue requires that it be first determined whether Thomas was an insured under the terms of the policy. The property injured, for which the judgment against the estate of Thomas was granted, was not, in the language of Exclusion (f), "owned or transported by" Thomas, or "rented to or in charge of" Thomas. The word "insured" is defined in the policy as follows:

> "III. Definition of Insured: (a) With respect to the insurance for * * property damage liability the unqualified word 'insured' includes the named insured * * and also includes any person while using the automobile * * provided the actual use of the automobile is by the named insured or such spouse or with the permission of either. * *"

And said policy also contains this provision:

> "Severability of Interests—Coverages A and B: The term 'the insured' is used severally and not collectively, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability."

Defendant's insurance contract was issued to D. M. Lackey and Golden Gift, Incorporated, and stated their address to be 121 Washington Avenue, DeLand, Florida. It was countersigned by the authorized representative of the company in DeLand, Florida. In its brief filed in this court in opposition to the granting of an appeal, defendant stated that since the contract was written and delivered in Florida, the Florida law "on the date of the judgment," September 24, 1964, would be the applicable law.

We may accept that assertion with the qualification that the applicable Florida law was not determined by Florida's Supreme Court until in January, 1967, in the case of *Shelby Mutual Insurance Company* v. *Schuitema*, 193 So.2d 435. In that case the Supreme Court of Florida stated:

> "The rule of the District Court of Appeal, Third District, in Liberty Mutual Insurance Company v. Imperial Casualty and Indemnity Co., 168 So. 2d 688, collides directly with the decision

here reviewed [Shelby Mutual Insurance Company v. Schuitema, from the District Court of Appeal, Fourth District, 183 So.2d 571] and poses our problem of resolving the conflict.

. "It is our conclusion that Judge Smith, in his penetrating analysis of the policy and persuasive authorities, has reached the preferable conclusion."

The writ of certiorari was accordingly discharged.

*Shelby Mutual Insurance Company* v. *Schuitema,* 183 So.2d 571, opinion by Chief Judge Smith, so accepted as the law by the Florida Supreme Court, involved Coverage A, bodily injury liability, in the same words as Coverage A in the Virginia Surety Company policy, and the definition of insured included any person using an owned or hired automobile "provided the actual use of the automobile is by the named insured or with his permission * *."

The policy in that case included a "SEVERABILITY OF INTERESTS" provision in the same words as in the policy in the present case. It also had a clause excluding, under Coverage A, bodily injury to any employee of the insured arising out of domestic employment (if benefits are provided by workmen's compensation) or other employment by the insured.

In the *Shelby* case Schuitema wanted to buy an automobile and one was being shown to him by Poss, a salesman of the dealer. Schuitema opened the door into traffic and it was hit by a passing car and Poss was injured. Poss sued Schuitema, who requested the dealer's insurance company to defend him as an additional insured under the dealer's policy but the company refused. Judgment was recovered against Schuitema, who then sued the dealer's insurance company and obtained a judgment on the ground, stated by the trial court, that in order to give the severability of interest clause its proper meaning and effect, Schuitema should recover because the employee exclusion clause operated only as between the actual employer and his employee. The Appellate Court (Fourth District) affirmed and stated (183 So.2d at 573, 574):

"* * Since the adoption of the severability of interests clause in a policy which would or might apply to several insureds, the term 'the insured', as used in the exclusions and conditions of the policy, means only the person claiming coverage. Thus, for example, the exclusion for injury to an employee of 'the insured' deprives no one of coverage except with respect to his own employees. This is

true because the term 'the insured' is used severally and not collectively. * *"

The court further said:

"The conclusion that the insurer and the insured intended only to protect the named insured as to third parties not in the status of employees overlooks the fact that, although an insurance policy could be obtained protecting only the named insured, nevertheless, this insurance policy includes, in addition to the named insured, any person using an automobile of the named insured with his permission. It is apparent then that the parties intended to furnish coverage to persons other than the named insured. The effect of the severability of interests clause is to make it certain that, when a claim is asserted against one who is an insured under the policy, then that person becomes 'the insured' for the purpose of determining the insurer's obligations with respect to that claim. The exclusion as to employees of the insured is thus limited and confined to the employees of the employer against whom the claim is asserted. * *"

The court concluded that "[a]pplying the principle that the severability of interests clause must be construed as intended to treat each insured independently from the other insured," the judgment in favor of Schuitema should be affirmed. *Cf. Pepsi Cola Bottling Co. of Charleston v. Indemnity Insurance Co.*, 4 Cir., 318 F.2d 714; *North River Insurance Company v. Connecticut Fire Insurance Co.*, 233 F.Supp. 31, aff'd 341 F.2d 913.

There is a division of authority on the question here involved and a different result has been reached in some jurisdictions, *e.g.*, *Transport Ins. Co. v. Standard Oil Co. of Texas*, 161 Tex. 93, 337 S.W.2d 284, and cases cited therein.

We consider the law of Florida as declared in *Shelby Mutual Insurance Company v. Schuitema, supra*, 193 So.2d 435, to be controlling in this case and we accordingly reverse the judgment of the trial court and remand the case for a new trial.

*Reversed and remanded.*