## Richmond

## TRANSIT CASUALTY COMPANY v. HARTMAN'S INCORPORATED

January 13, 1978.

Record No. 761079.

Present: Carrico, Harrison, Cochran, Harman and Compton, JJ.

*Joseph W. White (D. P. Rabun; Larrick, White and Rabun,* on briefs), for plaintiff in error.

*George H. Roberts, Jr. (Phillip C. Stone; Wharton, Aldhizer & Weaver,* on brief), for defendant in error.

CARRICO, J., delivered the opinion of the Court.

This insurance case involves a Virginia automobile liability policy which contains an exclusion clause stating that the insurance shall not apply to damage to property owned by or in the care, custody, or control of "the insured." The question for decision is whether, in face of this exclusion clause, the named insured may recover from his own liability carrier for damage to his own property.

The named insured, Hartman's, Incorporated (hereinafter, Hartman), owned a number of tractor-trailer units. Transit Casualty Company provided liability coverage on the units in the insurance policy which is the subject of the present controversy. Collision coverage on the units, however, was furnished in a separate policy issued by Travelers Insurance Company.

On February 21, 1969, during the effective periods of both policies, two of Hartman's tractor-trailer units collided while operated by Hartman's employees, Walter Lee Clements, Jr., and Owen Wright Shifflett. In the collision, the vehicle operated by Shifflett was damaged as a result of the negligence of Clements.

Under its collision policy, Travelers paid Hartman $3,750 for the damage to the vehicle operated by Shifflett. Exercising its subrogation rights, Travelers brought, in Hartman's name, an action against Clements to recover the amount paid under the

collision policy. Judgment was entered against Clements, but execution was returned unsatisfied.

Travelers brought the present action in Hartman's name against Transit Casualty, seeking to recover under the latter's liability policy the amount of the unsatisfied judgment against Clements. Transit Casualty defended on the ground that the exclusion clause in its policy barred Hartman from recovery. The trial court held that the exclusion clause did not bar Hartman's claim, and the court awarded judgment against Transit Casualty for the amount of the Clements judgment.

In pertinent part, the exclusion clause in question reads as follows:

"This insurance does not apply:

" . . . .

"(d) To property damage to

"(1) property owned . . . by the insured, or

"(2) property . . . in the care, custody or control of the insured . . . ."

Transit Casualty contends that an exclusion clause which refers to "the insured" necessarily embraces the named insured. Hartman, the named insured, owned the property which was damaged in this case, Transit Casualty argues, and thus is barred from collecting under the liability policy for damage to its own property.

On the other hand, Hartman contends that the exclusion clause does not bar recovery because the effect of the clause is overridden by two other provisions in Transit Casualty's policy. First, the policy contains an omnibus clause, as required by Code § 38.1-381, which defines the term "Persons Insured" to include not only the named insured but also "any other person while using an owned [vehicle] with the permission of the named insured." Second, the policy contains a severability of interests clause, which provides that the "insurance afforded applies separately to each insured against whom claim is made or suit is brought."

Pursuant to the omnibus clause, Hartman asserts, Clements is an insured under Transit Casualty's policy. And, under the severability of interests clause, Hartman maintains, Clements is entitled to be considered alone, as separate and distinct from

every other insured, in determining Transit Casualty's obligations under its policy. Under Hartman's interpretation of the severability of interests clause, the exclusion clause in Transit Casualty's policy applies only to the person claiming coverage, in this case, Clements. And, Hartman concludes, because Clements did not own or have the care, custody, or control of the property to which he caused damage, the exclusion clause does not bar recovery for the damage involved in this case.

 Previously, we considered a similar question in *Lackey* v. *Virginia Surety Co.*, 209 Va. 713, 167 S.E.2d 131 (1969). There, we permitted recovery by the named insured against his liability insurance carrier for damage to his own vehicle caused by the negligence of a permissive user. But, in *Lackey*, the insurance contract was issued and delivered in Florida, and we applied what we perceived to be the law of that state as enunciated in *Shelby Mutual Insurance Co.* v. *Schuitema*, 193 So.2d 435 (Fla. 1967). We said that the law of Florida was "controlling" in the case, and we did not indicate that we would have reached the same result under Virginia law.

Later, and subsequent to the trial court's decision in the present case, we decided *Bankers & Shippers Insurance Co.* v. *Watson*, 216 Va. 807, 224 S.E.2d 312 (1976), which concerned a liability insurance policy similar to the one involved here. *Bankers & Shippers* was a declaratory judgment proceeding to determine the liability of several insurance companies for claims resulting from the wrongful deaths of the occupants of an automobile. The automobile was struck by a tractor-trailer unit owned by Garlon M. Watson and operated by his employee, William Banks, Jr. The tractor portion of the unit was insured in a liability policy issued by Bankers & Shippers Insurance Company. The trailer, however, was insured in a liability policy issued by U.S. Fire Insurance Company to Watson as the named insured.

Our interest here is in the portion of the *Bankers & Shippers* opinion which dealt with the U.S. Fire policy. That policy, covering Watson's trailer alone, contained not only an omnibus clause and a severability of interests clause but also a provision excluding coverage while the trailer was used with a tractor "owned or hired by the insured and not covered by [liability] insurance" with U.S. Fire.

We said that, when a severability of interests clause is employed in an insurance policy under which several persons may qualify as insureds, the term "the insured" in an exclusion clause means the person claiming coverage. Such person, we stated further, becomes "the insured" for the purpose of determining the insurer's obligations with respect to the claim asserted. This interpretation, we noted, gave effect to the severability of interests clause by recognizing each insured as separate and distinct from every other insured qualifying as such under the policy. The result of this recognition, we concluded, is that an exclusion clause which refers to "the insured" is limited in its application to the insured claiming coverage.

We held that, because Banks was using the trailer with permission of Watson, the named insured, Banks was an insured under U.S. Fire's policy. We held further that, because Banks was the person claiming coverage and he neither owned nor had hired the tractor with which the trailer insured by U.S. Fire was used, the exclusion clause was not applicable to Banks. Consequently, we declared that U.S. Fire was liable for the claims for the wrongful deaths of the occupants of the automobile Banks had struck.

Here, Hartman contends that "the facts in this case are identical to those in *Bankers and Shippers*" and that for this court "to hold in favor of Transit [Casualty], it would have to overrule that case." We disagree. Admittedly, similarities do exist between *Bankers & Shippers* and the present case. But we did not decide there the issue presented here, *viz.*, whether a *named insured* may recover from his liability insurance carrier for damage to his own property when the policy excludes from coverage property owned by "the insured." Indeed, in *Bankers & Shippers*, it was conceded that Watson, the named insured, was excluded from coverage under U.S. Fire's policy. So the question remains open for decision here.

We believe that basic rules of contract construction dictate a holding that, in an exclusion clause similar to the one under review, the term "the insured" necessarily refers to and embraces the named insured. This construction produces the obviously fair result that, in a case such as this, a named insured in a policy of liability insurance is barred from recovery against his own carrier for damage to his own property.

■ A contract of insurance, as any other contract, must be construed to give effect to the intention of the parties, if that intention can be fairly determined from the instrument when read as a whole. While any ambiguity must be resolved against the insurer, the construction adopted should be reasonable, and absurd results are to be avoided.

Reading the term "the insured" in the exclusion clause of Transit Casualty's policy to refer to and embrace the named insured would give full effect to the intention of the parties in this case. The contract expresses their intention clearly; the agreement contains no ambiguity with respect to the issue posed by their present dispute.

For a stated premium, Hartman purchased and Transit Casualty agreed to provide insurance against liability for bodily injury and property damage caused by the negligent operation of Hartman's vehicles. While, for an additional premium, Hartman could have procured collision insurance in the same policy, it chose instead to secure collision insurance from a different company.

Yet, the construction of the contract urged by Hartman would produce the strange result that what clearly is only a policy of liability insurance would be converted into a combination liability and collision policy, with no extra premium required for the additional coverage. Such a result not only would subvert the obvious intention of the parties but also would create a new contract different from what was contemplated when their bargain was struck.

The view we adopt here is not, as Hartman suggests, inconsistent with our holding in *Bankers & Shippers.* In that earlier case, involving claims of injured members of the public, we construed the omnibus clause to serve its designed purpose of protecting the public from loss caused by the negligence of permissive users of insured vehicles. We construed also the severability of interests clause to serve its designed purpose of making certain that, when a claim is asserted by a member of the public against a permissive user, the latter becomes "the insured," with respect to that claim, under the named insured's liability insurance contract. We were able to combine a fair construction of the omnibus and severability of interests clauses with a reasonable interpretation of the exclusion clause, without enlarging the obligations undertaken originally by the insurer.

Here, however, only the interests of the direct parties to the insurance contract, the named insured and the insurer, are in issue, and only a strained application of the severability of interests clause can overcome the effect of the exclusion clause. To adopt such a strained application would ignore the clearly expressed intention of the parties, would enlarge the obligations undertaken originally by the insurer, and would permit a windfall to Hartman. A rule of reason applies to avoid these results.

Accordingly, the judgment of the trial court will be reversed, and final judgment will be entered here in favor of Transit Casualty.

*Reversed and final judgment.*