**SAFECO INSURANCE COMPANY OF AMERICA, Appellee,**

v.

**MERRIMACK MUTUAL FIRE INSURANCE COMPANY, Appellant.**

**No. 85–1936.**

United States Court of Appeals, Fourth Circuit.

Argued Jan. 9, 1986.

Decided Feb. 28, 1986.

Gary B. Mims (Brault, Palmer, Grove & Zimmerman, Fairfax, Va., on brief), for appellant.

Mary McGowan (Joseph P. Dyer, Siciliano, Ellis, Dyer & Boccarosse, Fairfax, Va., on brief), for appellee.

Before PHILLIPS and SNEEDEN, Circuit Judges, and SENTELLE, United States District Judge for the Western District of North Carolina, sitting by designation.

SENTELLE, District Judge:

Merrimack Mutual was the insurer of one David Weitz under a homeowner's policy including personal liability coverage. Weitz was operating a motorboat belonging to Barry Goldberg. Goldberg was injured by the apparently negligent operation of the boat by Weitz. Safeco at the time was the insurer of Goldberg under a boat owner's liability insurance policy. Merri-

mack defended Weitz against the claims of Goldberg and paid a settlement of $165,000. At various stages of the Goldberg-Weitz controversy, Merrimack demanded Safeco's participation in defense and ultimately demanded contribution to the settlement. Safeco denied coverage and brought this declaratory judgment action. Safeco's denial was grounded on a policy provision which Merrimack argued was invalid under Virginia's omnibus insurance statute. There being no dispute of facts, the court below took the case on cross-motions for summary judgment and allowed the motion of Safeco. We agree with the district court that the omnibus statute does not invalidate the coverage limiting clause involved in this case and, therefore, affirm.

The Safeco boat owner's policy covering Barry Goldberg at the time of the injury provided liability coverage for bodily injury under provisions which defined "insured" to include "any person using such boat with the permission of the named insured provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, ...." Safeco concedes that at the time of Goldberg's injuries Weitz was operating the boat as a permissive user within the scope of the permission of the owner and is, therefore, an insured within the meaning of the policy. However, Safeco denies coverage based on the following limitation on the scope of such coverage:

> This policy does not apply:
> 5. to bodily injury to the named insured or any relative if a resident of the same household.

Merrimack, recognizing the existence of the limiting language of paragraph 5, nonetheless argues that Safeco's liability coverage applies, asserting that paragraph 5 is an unlawful exclusion under Virginia's "omnibus statute" prescribing the required terms and prohibited exclusions of insurance contracts. The basic statute is found at Section 38.1–381(a) of the Virginia Code and reads, in pertinent part, as follows:

> No policy or contract of bodily injury liability insurance, ... covering liability arising from the ... use of any ... boat or other watercraft, shall be issued or delivered in this state to the owner of ... such watercraft ... unless it contains a provision insuring the named insured and *any other person* ... using the ... boat or other watercraft ... with the consent, express or implied, of the named insured, against liability for death or injuries sustained, or loss or damage occasioned within the coverage of the policy or contract as a result of negligence in the operation or use of such ... watercraft ... by any such person..... [Emphasis added.]

Many cases under this statute and its predecessor statute, Section 4326a of the Code of Virginia, have upheld various exclusions limiting liability coverage. Notably, *Jenkins v. Morano,* 74 F.Supp. 234 (E.D.Va.1947), applied Virginia law to a factual situation closely analogous to the one involved in this case. In *Jenkins,* the issue involved an automobile rather than a motorboat but, as in this case, the named insured owner of the vehicle in question was injured by the negligence of a permissive user and the insurer denied coverage under a contract provision excluding application to bodily injury claims of the named insured and certain related persons. The district court, applying Virginia law, found the contract language valid under the Section 4326a provision comparable to and to similar effect as the present omnibus clause. This holding apparently correctly stated the law of Virginia and continues to be good law except that the legislature in 1966 amended the omnibus clause by enacting Section 38.1–381(a2), which reads:

> Any endorsement, provision or rider attached to, or included in, any such policy of insurance which purports or seeks in any way to limit or reduce in any respect the coverage afforded by the provisions required therein by this section shall be wholly void.

Merrimack argues that this provision renders invalid the contract language relied upon by Safeco. In support of this proposition, Merrimack argues the decision in

*Southside Distributing Co. v. Travelers Indemnity Co.*, 213 Va. 38, 189 S.E.2d 681 (1972). In that case, the Virginia Supreme Court voided an exclusion upon which Travelers relied. That exclusion applied where the permissive user and the injured party were both employees of the named insured. Recognizing that it had previously allowed such exclusions, the court held:

> We conclude the purpose of Section 38.1–381(a2) was to prohibit the issuance of policies containing exclusions permitted under our previous interpretation of the "omnibus clause". Otherwise, the statute would accomplish nothing. Accordingly, we hold that the "omnibus clause", as amended by Section 38.1–381(a2) prohibits any exclusions from policy coverage except those expressly provided for by statute.

Merrimack asserts that this language should be controlling in the instant case.

Merrimack's argument, however, ignores a further decision of the Virginia Supreme Court six years after *Southside*. That case, *Transit Casualty Co. v. Hartman's Inc.*, 218 Va. 703, 239 S.E.2d 894 (1978), upheld a limitation in the scope of coverage of an automobile liability policy which excluded payment for damage to property owned by the named insured. Two insured vehicles owned by Hartman's collided. The collision carrier, under a separate policy, sought subrogation against the liability carrier, who asserted the relevant limitation. The court deferred to the maxim that an insurance contract, like any other contract, should be interpreted to give effect of the intention of the parties. Noting that the policyholder could have procured collision insurance from the liability insurer for an additional premium had he chosen to do so, the court declined to work a conversion of the policy, noting that:

> [C]onstruction of the contract urged by Hartman would produce the strange result that what is clearly only a policy of liability would be converted into a combination liability and collision policy, with no extra premium required for the additional coverage. Such a result not only would subvert the obvious intention of

the parties but also would create a new contract different from what was contemplated when their bargain was struck.

*Id.*, 239 S.E.2d at 897.

█ It appears to us that the court below correctly determined that Merrimack, like the insured in *Hartman's, supra*, is attempting to convert a liability policy into a policy covering first-party loss. The court below correctly determined that the Virginia Supreme Court has held that the Legislature of Virginia did not by the enactment of the omnibus clause intend to accomplish any such result. What the legislature did intend was not an expansion of coverage but a prohibition of nonstatutory exclusions within the coverage afforded. In *Hartman's*, as in the case at bar, the controverted provision of the policy is not an exclusion from coverage afforded but rather a limitation upon the coverage in the first instance to third-party rather than first-party losses.

█ In this case, as in *Hartman's*, the named insured could have obtained coverage for at least a portion of his own damages had he chosen to contract for it and pay the premiums. At the time Goldberg contracted for the Safeco coverage, he was afforded the opportunity to obtain medical payments coverage for his own bodily injuries or injuries to others excluded under paragraph 5 above. He in fact contracted for $1,000.00 per person medical coverage.

In the *Hartman's* decision, the Virginia court relied in part on its earlier holding in *Bankers & Shippers Insurance Co. v. Watson*, 216 Va. 807, 224 S.E.2d 312 (1976), where the court defined the purpose of the relevant portion of the omnibus statute to be the protection of the public from losses caused by the negligence of permissive users of insured vehicles. This thread of protecting the innocent public runs throughout the decisions of the Virginia court from *Jenkins* through *Southside* through *Bankers & Shippers* to *Hartman's*. In *Hartman's*, that policy of Virginia law was done no violence by the

limiting language. The same is true in the case at bar.

It would, therefore, appear that the court below applied the law of the State of Virginia without error, and its decision is

AFFIRMED.