956 F.2d 1162
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Roy MOONEY, Jr., Plaintiff-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.
 No. 91-2561.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 4, 1991.
Decided March 10, 1992.
As Amended April 27, 1992.
 
 Appeal from the United States District Court for the Western District of Virginia, at Abingdon. Glen M. Williams, Senior District Judge. (CA-84-455-A)
 Argued: Daniel Knowlton Read, Jr., Yeary, Tate, Lowe & Jessee, P.C., Abingdon, Va., for appellant; John Dickens Eure, Johnson, Ayers & Matthews, Roanoke, Va., for appellee.
 On Brief: James F. Johnson, Johnson, Ayers & Matthews, Roanoke, Va., for appellee.
 W.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL, PHILLIPS and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Plaintiff Roy Mooney, Jr. appeals the May 19, 1991 order of the district court granting summary judgment to State Farm Mutual Automobile Insurance Company on each of Mooney's claims allegedly arising out of an automobile insurance contract between plaintiff and defendant. Mooney seeks to hold State Farm liable under the contract and in tort for a judgment obtained against him by his wife based on his negligence in an automobile accident in which his wife was injured while Mooney was driving their automobile.
 
 
 2
 On appeal, Mooney contends that the district court erred in concluding that the household exclusion contained in the Florida-issued automobile policy was not invalidated by Virginia law, or, in the alternative, that State Farm had not waived or was not estopped to assert the household exclusion as a defense to payment under the policy. Mooney also contends that State Farm breached its duty to settle and defend the wife's case against him and that his claim for fraud is not time-barred.
 
 
 3
 After reviewing the record and hearing oral argument, we are convinced that summary judgment was properly granted in this case. As to Mooney's claims that Virginia law vitiated the household exclusion provision in the policy,* that State Farm breached a duty to settle or defend, and that State Farm committed fraud and plaintiff was entitled to punitive damages, we affirm on the findings and reasoning of the district court. Mooney v. State Farm Mutual Automobile Insurance Co., No. CA-84-455-A (W.D.Va. May 9, 1991).
 
 
 4
 Mooney also argues that State Farm waived or was estopped to assert the household exclusion defense, because it provided Mooney a defense and did not give notice of its intent to stand on the household exclusion until March 24, 1980, approximately eight days prior to the trial of his wife's case against him. We agree with the conclusion of the district court as to estoppel. Plaintiff failed to produce any evidence to support the necessary finding that he detrimentally relied on State Farm's provision of a defense in the case against his wife. Harris v. Criterion Ins. Co., 281 S.E.2d 878, 881 (Va.1981) (proof of detrimental reliance necessary to establish an estoppel). State Farm's correspondence with Mooney prior to the commencement of his wife's case repeatedly advised Mooney that he should seek independent counsel and Mooney was specifically advised, prior to trial, that State Farm had no intention of paying any judgment obtained against Mooney because of the household exclusion, yet Mooney chose to proceed to trial with counsel provided by State Farm.
 
 
 5
 The district court opinion does not adequately resolve the waiver issue. The district court opinion appears to hold that waiver could not be proved because plaintiff failed to proffer proof of detrimental reliance. Such reliance is not an element of proof in establishing waiver, however. Under Virginia law, "[w]aiver is the voluntary, intentional abandonment of a known legal right." Bergmueller v. Minnick, 383 S.E.2d 722, 725 (Va.1989). A party asserting waiver must prove two things: (1) knowledge of the facts basic to the exercise of the right; and (2) intent to relinquish that right. Id. Reliance is simply not an element of waiver.
 
 
 6
 In Employers Commercial Union Ins. Co. of America v. Great American Ins. Co., 200 S.E.2d 560 (Va.1973), the court specifically addressed the knowledge element of a waiver claim. The court stated:
 
 
 7
 In waiver, both knowledge of the facts basic to the exercise of the right and the intent to relinquish that right are essential elements.... In estoppel, intent to relinquish is not an element, and knowledge of the facts basic to the exercise of the right may be presumed when the facts are such as to put a reasonably prudent person upon inquiry and prompt him to pursue the inquiry and acquire knowledge....
 
 
 8
 Confusion between the two doctrines results from the use of such terms as "quasi waiver," "constructive waiver" and "implied waiver," i.e., waiver inferred from a course of action or inaction. Since knowing intent to waive is an essential element of true waiver, it can never arise constructively or by implication. A waiver implied is more precisely an estoppel applied.
 
 
 9
 Id. at 562 (emphasis added, citations omitted). True waiver is inapplicable in this case. There is nothing in the record to support a finding that any agent of State Farm actually knew that Mooney's policy contained the household exclusion, but intentionally chose to relinquish assertion of that defense. The proof is quite the contrary. At the first instance any agent actually knew that the household exclusion applied to Mooney's case, State Farm immediately notified Mooney of its intention to stand on the exclusion and deny coverage. Mooney's arguments focus on what the various agents should have known or should have discovered at an earlier time. Such constructive knowledge is insufficient to establish true waiver, however. Such constructive knowledge could support a finding of "implied" or "constructive" waiver, which the Virginia Supreme Court has termed an estoppel. Employers Commercial, 200 S.E.2d at 563-64. Because these are simply "estoppel applied," and require proof of detrimental reliance, plaintiff's assertions fail.
 
 
 10
 Because of the household exclusion there was no coverage in this case. Coverage may not be created by waiver or estoppel where none exists under the contract of insurance, Norman v. Insurance Co. of North America, 239 S.E.2d 902, 907-08 (Va.1978), unless the insurer unconditionally defends an action against the insured. Id. at 908. Here, State Farm gave explicit and adequate notice eight days prior to trial that it reserved its right to assert the household exclusion. No coverage can, therefore, be created under the contract in this case. See Stillwell v. Iowa National Mutual Ins. Co., 139 S.E.2d 72, 76 (Va.1964) (Notice 26 days before trial of policy defense adequate to avoid waiver or estoppel). But see Lumberman's Mutual Casualty Co. v. Hodge, 135 S.E.2d 187 (Va.1964) (no assertion or reservation of right prior to trial of case results in waiver or estoppel to assert right in second trial). Since State Farm timely invoked the household exclusion provision contained in the policy, summary judgment in its favor was appropriate.
 
 
 11
 Accordingly, the decision of the district court granting summary judgment to State Farm on all claims is hereby affirmed.
 
 
 12
 AFFIRMED.
 
 
 
 *
 Though not discussed by the district court, this court's decision in Safeco Insurance Co. of America v. Merrimack Mutual Fire Insurance Co., 785 F.2d 480 (4th Cir.1986), further supports the district court's conclusion that the household exclusion in the State Farm policy was permissible under Virginia law