## CIRCUIT COURT OF THE CITY OF RICHMOND

Clarendon National Insurance Co.

v.

Danny R. Walker et al.

July 14, 1994

Case No. HE-84-1

BY JUDGE MELVIN R. HUGHES, JR.

This is a declaratory judgment action brought by an uninsured motorist carrier, Clarendon National Insurance Company (Clarendon), against several defendants, including a liability carrier, Liberty Mutual Insurance Company (Liberty Mutual) to determine policy coverage issues arising from a collision between two trucks in Pittsylvania County on February 21, 1990. Presently before the Court are cross motions for partial and summary judgment brought by Clarendon, supported by defendant, Michael O'Toole, the driver of one of the trucks, and Liberty Mutual.

On May 5, 1989, Liberty Mutual issued its policy to Danny Walker, the other driver in the accident, extending liability coverage for a certain 1975 International Tractor truck he owned in connection with this business, Danville Mobile Home Sales. On June 8, 1989, Walker requested and received a policy endorsement from Liberty Mutual which excluded coverage for "[a] covered auto while used to carry property in any business." Walker received a refund of a portion of the premium paid. When the Walker truck collided with the O'Toole truck, Walker was hauling a mobile home as a part of his business.

On the motion, Clarendon makes two points: (1) the exclusion violates the so-called "omnibus clause" statute, § 38.2-2204, and is void and (2) the exclusion is vague and ambiguous. In opposing the motion and seeking summary judgment, Liberty Mutual argues that the policy provisions do not violate the omnibus clause, and they are not unenforceably vague and ambiguous. Clarendon argues further that to exclude the truck from cov-

erage while used to carry property on any business is at odds with the Declarations page of policy which indicates that Walker's business is hauling mobile homes, the very activity Walker was involved in at the time of the accident. Section 38.2-2204(A) states pertinently:

> No policy or contract of bodily injury or property damage liability insurance, covering liability arising from the ownership, maintenance, or use of any motor vehicle . . . shall be issued or delivered in this Commonwealth to the owner of such vehicle . . . or shall be issued or delivered by any insurer licensed in this Commonwealth upon any motor vehicle . . . that is principally garaged, docked, or used in this Commonwealth, unless the policy contains a provision insuring the named insured, and any other person using or responsible for the use of the motor vehicle . . . with the expressed or implied consent of the named insured, against liability for death or injury sustained, or loss or damage incurred within the coverage of the policy or contract as a result of the negligence and the operation or use of such vehicle . . . by the named insured or by any such person.

Further, § 38.2-2204(D) states:

> Any endorsement, provision, or rider attached to or included in any such policy or insurance which purports or seeks to limit or reduce the coverage afforded by the provisions required by this section shall be void.

I think Clarendon misapprehends the meaning and purpose of the omnibus clause statute and applies it wrongly to the case at bar. The purpose of the statute is to protect the public from losses caused by permissive users of insured vehicles. *Transit Gas Co. v. Harkinan, Inc.*, 218 Va. 703, 708 (1978). In other words, the statute requires that coverage afforded an insured include permissive users as well. With this mandate, the policy benefits extend to other persons not named as insureds within the extent and limits of the policy afforded or, in the words of § 38.2-2204(A), "within the coverage of the policy or contract." See *Safeco Ins. Co. of Amer. v. Merrimack Mut. Fire Ins. Co.*, 785 F.2d 480 (4th Cir. 1986). The policy exclusion here does not violate the statute, it merely excludes policy protection while and if the vehicle was being "used to carry property in any business."

The Court also finds that there is no ambiguity or lack of clarity in the exclusion. The exclusion says no coverage is afforded if the covered vehicle is "used to carry property." The facts in the record in support of the motions are that Walker was pulling a mobile home at the time as a part of his business. A mobile home is certainly "property," and the word "carry" is plain enough, according to a common understanding, to include the activity of hauling, transporting, conveying, or "carry[ing]" at the time of the accident.

Finally, for the reasons mentioned in Liberty Mutual's Reply, the federal regulations cited by O'Toole in support of Clarendon's motion do not apply here. These regulations prescribe minimum levels of financial responsibility required of motor carriers in interstate commerce. Liberty Mutual is not a "for hire motor carrier" under 49 C.F.R. § 387.3(a). For this additional reason, Clarendon's motion does not have any merit.

Accordingly, for the foregoing reasons, the Court denies motion and grants Liberty Mutual's motion.