**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1150**

JOHN CORRADI,

Plaintiff – Appellant,

v.

OLD UNITED CASUALTY COMPANY,

Defendant – Appellee,

and

FOREST AGENCY, INC.,

Defendant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (1:15-cv-00488-GBL-MSN)

Submitted: December 30, 2016          Decided: January 18, 2017

Before NIEMEYER, KING, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lee Robert Arzt, Richmond, Virginia, for Appellant. Donald R. Anderson, Catherine M. Banich, TAYLOR ENGLISH DUMA LLP, Atlanta, Georgia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Corradi appeals the district court's orders denying his motion for nonsuit under Virginia state law and granting summary judgment in favor of the defendant, Old United Casualty Company ("Old United"). On appeal, Corradi argues that the district court erred in granting summary judgment in favor of Old United because, although the terms of the insurance policy ("Policy") excluded coverage for damages to Corradi's aircraft ("Aircraft") while the Aircraft was piloted by non approved pilots, that provision is void pursuant to Va. Code Ann. § 38.2-2204 (2014). Corradi also argues that the district court erred in refusing to allow voluntary dismissal of the case pursuant to Virginia's nonsuit statute. Corradi contends that this ruling was erroneous because Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938), requires a federal court sitting in diversity to apply all substantive state laws, and Va. Code Ann. § 8.01-380 (2015) is substantive rather than procedural.

"We review the district court's grant of summary judgment de novo, applying the same standard as the district court." Walker v. Mod-U-Kraf Homes, LLC, 775 F.3d 202, 207 (4th Cir. 2014). We construe the evidence in the light most favorable to Corradi and draw all reasonable inferences in his favor. Id. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the

2

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"Under Virginia law, courts must interpret insurance policies consistent with the parties' intent." Liberty Univ., Inc. v. Citizens Ins. Co. of Am., 792 F.3d 520, 532 (4th Cir. 2015). "Ambiguities in the instrument must be construed in favor of the insured. But we do not entertain an absurd result—one that would 'enlarge the obligations undertaken originally by the insurer, and would permit a windfall to the insured.'" Id. (quoting Transit Cas. Co. v. Hartman's, Inc., 239 S.E.2d 894, 897 (Va. 1978)) (brackets omitted).

The Policy provided that "the aircraft must be operated in-flight only by the 'Approved Pilots' shown [in Item 7 of the Policy] . . . . There is no coverage under the policy if the pilot does not meet these requirements." The language of the Policy is not ambiguous, and the parties clearly intended to provide coverage only when the Aircraft was operated by one of the two pilots listed in Item 7. The accident occurred with a non approved pilot flying the Aircraft, and therefore, under the terms of the Policy, Corradi is not entitled to recovery. Moreover, the restriction encompassed in the Policy does not conflict with the language of the Virginia omnibus statute, which was passed with the "purpose of protecting the public from

3

loss caused by the negligence of permissive users of insured vehicles." Hartman's, 239 S.E.2d at 897.

The Virginia Supreme Court's decision in Hartman's does not mandate a different outcome. There, the Virginia Supreme Court analyzed "whether a named insured may recover from his liability insurance carrier for damage to his own property when the policy excludes from coverage property owned by 'the insured.'" Id. at 896. The court concluded that "the insured" referred to the individual claiming coverage, and the policy excluded coverage for damage to Hartman's own property. Id. at 896-97. Id. at 897. In reaching that conclusion, the court noted that in "earlier case[s], involving claims of injured members of the public, we construed the omnibus clause to serve its designed purpose of protecting the public from loss caused by the negligence of permissive users of insured vehicles." Id. In Hartman's case, however, "only the interests of the direct parties to the insurance contract, the named insured and the insurer, [were] in issue." Id.

Similarly, in Safeco Ins. Co. of Am. v. Merrimack Mut. Fire Ins. Co., 785 F.2d 480, 481 (4th Cir. 1986), this court addressed a provision of an insurance contract that denied coverage for injuries sustained by the insured. The appellant argued that the contract provision limiting coverage was void in light of the omnibus statute. Id. After analyzing the statute,

4

we concluded that the appellant, "like the insured in Hartman's, . . . [was] attempting to convert a liability policy into a policy covering first-party loss. . . . [T]he Legislature of Virginia did not by the enactment of the omnibus clause intend to accomplish any such result." Id. at 482

In this case, excluding coverage for first-party losses due to the use of the Aircraft by an unapproved user does not disrupt the omnibus statute's stated purpose of protecting "the public from losses caused by the negligence of permissive users of insured vehicles," and therefore does not run afoul of either the statute's intent or its plain language. Id.

Corradi next claims that the district court erred in relying on the Federal Rules of Civil Procedure rather than Virginia's nonsuit statue. As the Supreme Court has noted, "Congress has undoubted power to supplant state law, and undoubted power to prescribe rules for the courts it has created, so long as those rules regulate matters rationally capable of classification as procedure." Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 559 U.S. 393, 406 (2010) (internal quotation marks omitted). Consequently, "[w]e must first determine whether Rule [41] answers the question in dispute." Id. at 398. "If it does, it governs . . . unless it exceeds statutory authorization or Congress's rulemaking power. We do not wade into Erie's murky waters unless the federal rule

is inapplicable or invalid." Id. (citations omitted). If a Federal Rule "governs only the manner and the means by which the litigants' rights are enforced, it is valid; if it alters the rules of decision by which the court will adjudicate those rights, it is not." Id. at 407 (brackets omitted).

The question in dispute here, whether Corradi may as of right voluntarily dismiss his case, is answered by Rule 41, which provides that a plaintiff may dismiss his complaint after an answer or motion for summary judgment has been filed only if he files "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41. The relevant Virginia Code provision answers the same question differently, by allowing voluntary dismissal at any time "before a motion to strike the evidence has been sustained or before the jury retires from the bar or before the action has been submitted to the court for decision." Va. Code Ann. § 8.01-380. But because Rule 41 is undoubtedly procedural, it controls in this case. A rule that allows for voluntary dismissal if certain conditions are met alters the manner and means of enforcing the litigant's rights, while leaving the rules of decision for adjudicating those rights unchanged. Therefore, the district court correctly applied Rule 41 to Corradi's motion to voluntarily dismiss.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

6

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED