## Richmond

COMMERCIAL UNION INSURANCE COMPANY OF NEW YORK, ET AL. V.
ST. PAUL FIRE AND MARINE INSURANCE COMPANY, ET AL.

November 30, 1970.

Record No. 7173.

Present, All the Justices.

*William J. Sturgill* (*Francis W. Flannagan; Greear, Bowen, Mullins and Winston; Woodward, Miles & Flannagan*, on brief), for appellants.

*Glen M. Williams; William W. Eskridge* (*Penn, Stuart & Miller*, on brief), for appellees.

I'ANSON, J., delivered the opinion of the court.

This is a declaratory judgment proceeding instituted by plaintiffs, Commercial Union Insurance Company of New York and Maryland Casualty Company,[1] against the defendants, St. Paul Fire & Marine

---

1. Maryland Casualty did not appear in this court since it was no longer exposed to liability.

Insurance Company (St. Paul); State Farm Mutual Automobile Insurance Company (State Farm); Bradley Eugene Willis; Evelyn Blanton, Administratrix of the estate of Claude Gene Blanton, deceased; Hobert J. Collins; Donald Wayne Myers; Clyde Hobbs; and Don Myers.[2] Plaintiffs sought a judgment of the court below declaring that defendants St. Paul and State Farm provided coverage to the defendant Willis, the operator of a farm tractor involved in an accident, under the provisions of certain liability policies issued by them, thereby exempting plaintiffs from liability under the uninsured motorist clauses of their policies. In a written opinion, the trial court held that the policies issued by defendants St. Paul and State Farm provided no coverage to Willis, and that at the time of the accident the farm tractor was an uninsured motor vehicle. We granted plaintiffs an appeal.

Plaintiffs' assignments of error present the following questions: (1) Is the "omnibus clause," § 38.1-381(a), Code of 1950, as amended, 1970 Repl. Vol., applicable under the policy of insurance issued by St. Paul to Clyde Hobbs, and if so, does it cover a farm tractor? and (2) Was the defendant Willis an employee of defendant Don Myers within the provisions of the policy of insurance issued by State Farm to Myers?

On May 29, 1967, at approximately 11:30 p.m., Willis, while operating a farm tractor west on U. S. Alternate Route 58 in Lee County, Virginia, was involved in a collision with an automobile operated by Claude Gene Blanton. Blanton was killed, and Hobert J. Collins, a passenger in his automobile, was injured. Donald Wayne Myers, who was riding on the farm tractor, was also injured. As a result of the collision three law suits were instituted against Willis.

Willis resided with his brother-in-law, L. E. Robinette, on the farm of Clyde Hobbs at Dryden, Virginia, and occasionally performed labor for Hobbs. He and his brother-in-law entered into a sharecropper's agreement with Don Myers to raise two acres of corn, with Myers furnishing the land and equipment. Willis and Robinette were to perform the labor and they were to receive one-half of the crop.

On the day of the collision Willis borrowed Hobbs' farm tractor to use in preparing the land on the Myers farm for planting. The Myers farm is located three miles west of the Hobbs farm. Myers had a tractor available for Willis' use, and he did not know that Willis had borrowed Hobbs' tractor. Donald Wayne Myers, son of Don

---

2. Also shown in the record as Donald Lee Myers.

Myers, while he was under no obligation to do so, used his father's tractor to assist Willis in the plowing and discing. They completed the work at about 11:30 p.m. Willis then drove the Hobbs tractor, with Donald Wayne Myers and another as passengers, from the farm to Alternate Route 58 and proceeded west on the highway toward a drive-in restaurant to get something to eat. The restaurant was located across Route 58, approximately 60 feet west of the field where they had been working, and in the opposite direction from the Hobbs farm. While on this trip the collision with the Blanton car occurred.

■ Hobbs was insured under a "farm and ranch liability policy" issued by St. Paul. The policy was not written upon any items of equipment or rolling stock and it covered only the personal liability of Hobbs. The company agreed to pay on behalf of the insured "all sums which the insured shall become legally obligated to pay because of injury or property damage to which this insurance applies." The policy was in force at the time of the collision.

State Farm entered into a contract of insurance known as a "personal and farm liability policy" with Don Myers and his wife. Under the provisions of the policy, coverage is extended to an employee of Myers while engaged in the course of his employment. The farm named in the policy is located "eight-tenths of a mile south of Dryden, Road 743, five acres, rented premises in Pennington Gap, Lee County, Virginia." Myers owned two farms, and the land Willis worked on the night of the accident was not the one described in the policy.

Plaintiffs first contend that the "omnibus clause", required under the provisions of Code § 38.1-381(a), became a part of St. Paul's policy by operation of the statute; that the clause applies to "any motor vehicle" used with permission of the insured; and that since a farm tractor is defined in Code § 46.1-1(7) as a motor vehicle, the "omnibus clause" is applicable to the farm tractor Willis was operating at the time of the accident. Thus they say that the St. Paul policy provides coverage to Willis.

The pertinent part of Code § 38.1-381(a) reads as follows:

"No policy or contract of bodily injury liability insurance, or of property damage liability insurance, *covering liability arising from the ownership, maintenance or use of any motor vehicle* * * * shall be issued or delivered in this State to the owner of such vehicle * * * or shall be issued or delivered by any insurer licensed in this State *upon any motor vehicle* * * * unless it contains a

provision insuring the named insured and any other person responsible for the use of or using the motor vehicle * * * with the consent, expressed or implied, of the named insured, against liability for death or injury sustained, or loss or damage occasioned within the coverage of the policy or contract as a result of negligence in the operation or use of such vehicle * * * by the named insured or by any such person * * *." (Italics supplied.)

One of the fallacies in plaintiffs' contentions is that the St. Paul contract of insurance is not a policy issued upon a motor vehicle to cover liability arising from its ownership, maintenance or use. The policy is not written upon any items of equipment or rolling stock. It is a personal liability policy, and the "omnibus clause" is not applicable to such a policy. Hence it is unnecessary for us to consider whether the farm tractor is a motor vehicle within the meaning of the "omnibus clause."

Plaintiffs next say that Willis was an employee of Don Myers and as such had coverage under the State Farm policy. They rely on *Clark* v. *Harry*, 182 Va. 410, 29 S.E.2d 231 (1944). Under the facts of that case, we held that the relationship between Clark, the owner of the land, and Harry, the share-cropper, was that of employer-employee.

On the other hand State Farm, also relying on *Clark* v. *Harry*, *supra*, argues that under the facts here the relationship of Willis to Myers was that of landlord and tenant. It also argues that even assuming that the relationship was that of employer-employee, Willis was not acting within the scope of his employment when the accident occurred. It cites the general rule that an employee who uses his employer's motor vehicle to go from his work to a place to eat is not within the scope of his employment in the absence of some special business benefit to his employer, and the employer is not liable for the negligent operation of his motor vehicle while on such a trip. 8 Am.Jur.2d, "Automobiles and Highway Traffic," § 629, at 182; Annotation: 52 A.L.R.2d 350, §§ 11-14, at 381-92 (1957). Further, State Farm says that the policy does not cover the farm on which Willis had been working prior to the accident.

In the present case it is unnecessary for us to decide whether Willis was an employee or a tenant of Myers, or whether Willis was provided coverage under the State Farm policy that described a farm which was not the one he worked on just prior to the accident. It is perfectly manifest from the evidence that even if Willis was an em-

ployee he was not acting within the scope of any employment when the accident occurred. Under the agreement between Myers, Willis and Robinette, the equipment was to be furnished by Myers. Willis borrowed the tractor from Hobbs without Myers' knowledge or consent. After Willis used the Hobbs tractor to plow and disc the field, he went on a mission of his own and was driving it on the highway in the opposite direction from the Hobbs farm. The policy provided coverage to an employee only when acting within the scope of his employment. Hence we hold that the State Farm policy does not provide coverage to Willis.

For the reasons stated, the judgment of the court below is

*Affirmed.*