## Richmond

### OSCAR E. KIESSLING, ALICE H. KIESSLING, BRENDA ROBIN KIESSLING, DEBORAH LYNN KIESSLING JONES, JULIE ROTHUIZEN, DOUGLAS OSCAR KIESSLING, PETER JONATHAN KIESSLING AND ANN ANDERSON KIESSLING
### v.
### CITY OF FALLS CHURCH

January 13, 1978.

Record No. 761338.

Present: I'Anson, C.J., Carrico, Harrison, Cochran, Harman and Compton, JJ.

*Harvey B. Cohen (Joanne F. Alper; Ewell G. Moore, Jr.; Leonard, Cohen and Gettings,* on brief), for appellants.

*Paul Terrence O'Grady* for appellee.

HARRISON, J., delivered the opinion of the Court.

Oscar E. Kiessling, Alice H. Kiessling, Brenda Robin Kiessling, Deborah Lynn Kiessling Jones, Julie Rothuizen, Douglas Oscar Kiessling, Peter Jonathan Kiessling and Ann Anderson Kiessling have appealed from a final order of the court below denying them the accrued interest on a sum of money deposited in a bank by the City of Falls Church at the time the City instituted a condemnation proceeding against them.[1]

---

[1] The Honorable Percy Thornton, Jr. was the presiding judge in this proceeding and entered the final order.

Appellants have also appealed from a final decree entered by the court below in a suit they brought against the City of Falls Church for specific performance in which the court denied them damages and counsel fees allegedly sustained as a result of the City's refusal to perform a sales contract.[2] The causes were consolidated for this appeal.

Appellants were the owners of a parcel of land in Fairfax County containing approximately 7.7235 acres, which the City of Falls Church sought to condemn. At the time its petition was filed on June 29, 1973, the City deposited $400,000 as estimated just compensation for the property it proposed to take. All parties agreed that the money be placed in an interest-bearing bank account, pending the outcome of the condemnation proceeding. This action was approved by consent order of the lower court, entered October 22, 1973, which provided, *inter alia*, that:

(1) ". . . [I]n the event that the City of Falls Church is allowed to withdraw its petition under applicable law, the principal sum on deposit shall be paid to the City, plus such interest as has been earned subsequent to the time of such withdrawal of the petition.

(2) ". . . [T]hat said principal sum on deposit shall be applied toward such award as is finally approved by the Court, with any excess over such award being refundable to the city.

(3) ". . . [T]hat interest earned on said deposit, except for such interest as is hereinabove provided for to the city, shall be paid to the condemnees, including all who are found to have a title interest in the land condemned after the final order of Court in this proceeding, providing that this proceeding results in a final taking of land;

(4) ". . . [T]hat if this proceeding does not result in a final taking of land, the interest earned on the deposit shall be paid as justice may require, as determined by the Court at the conclusion of this proceeding; . . ."

Thereafter, on October 18, 1974, appellants and the City entered into a compromise agreement regarding the condemnation of the property. Appellants agreed to convey the

[2] The Honorable Thomas J. Middleton was the presiding judge in this suit and entered the final decree.

City the property it sought to condemn, excepting therefrom a parcel 200 feet by 490 feet, together with certain easements in connection with the reserved parcel. The purchase price of the land to be conveyed to the City was $500,000, payable 29% at settlement, and the balance in semiannual installments beginning twelve months from date of settlement for ten years with interest at 5 1/2% per annum. It was agreed that settlement would be not earlier than January 3, 1975, and not later than January 7, 1975. The concluding paragraph reads: "This sale is an involuntary taking, even though this agreement represents a compromise, and it shall be subject to the orders entered in the case of *The City of Falls Church, Petitioner* vs. *Oscar E. Kiessling, et al, defendants. . . .*" No mention was made in the agreement of what disposition was to be made of the interest that had been accumulating in the bank on the $400,000 deposit.

Significantly, the agreement recited that, after the condemnation suit was filed, and while it was pending, "the parties have entered upon negotiations with a view toward amicable settlement by compromise of the said case". Also of importance, throughout the agreement the appellants were referred to as "the vendors" and as "the owners". It was agreed that the deed was to be prepared at the expense of appellants, and that they were responsible for the payment of taxes until the deed of conveyance was recorded. Appellants assumed the risk of loss or damage to the property by fire or other casualty until the deed of conveyance was recorded. The parties to the agreement referred to "the parcel conveyed" and "the parcel retained". The City was referred to as "the purchaser".

On January 13, 1975, appellants filed a motion in the condemnation proceeding in which they recited that settlement under the October 18, 1974 agreement had been rescheduled for January 20, 1975, because of a disagreement between the parties with respect to interest on the deposit. Appellants represented to the court that both they and the City were contending for the interest, and prayed instruction of the court to determine who was entitled thereto.

On February 7, 1975, appellants filed a bill of complaint against the City for specific performance of the October 18, 1974 agreement, alleging that the City had failed to effect settlement notwithstanding the fact that appellants were ready and willing

to comply in all respects with the compromise agreement. Appellants further claimed that they were entitled to collect damages from the City because of its delay in the performance of the contract and counsel fees incurred by appellants incident to the City's refusal to perform.

Memoranda of "Law and Fact" on the question of interest entitlement were submitted to the trial court by counsel for appellants and the City. On February 21, 1975, the trial judge wrote counsel as follows:

"It is my decision that the City of Falls Church is entitled to the deposit of $400,000.00 and the interest accrued thereon by reason that the parties reached a compromised agreement dated October 18, 1974.

"Further, by reason of such agreement the defendants were removed as condemnees as stated in the order dated October 22, 1973, notwithstanding that the compromise sale was considered an involuntary taking.

"An agreement having been reached by the parties, the final order in this cause will merely confirm such agreement and dismiss this cause, and accordingly the provision of the order of October 22, 1973, on payment of interest as justice may require in the event of no taking is not invoked."

Subsequent to the trial court's letter, and on March 7, 1975, the City and appellants entered into another agreement, reciting the controversy over the interest on the deposit and the contentions of the landowners. The agreement stipulated that settlement pursuant to the contract of October 18, 1974, was to be made "without prejudice to whatever rights the said land owner may have to move for a reconsideration of the Circuit Court's opinion on the question of interest on the deposit as well as reconsideration of any final order which may be entered, and the right to appeal such order". It was further agreed that the settlement was without prejudice to the rights of the landowners to sue for interest because of the City's alleged delay in settling.

Thereafter, appellants executed and delivered to the City a deed in accordance with the October 18, 1974 agreement. The trial court, on March 28, 1975, entered an order in the condemnation suit directing the clerk of the court to pay to the City its deposit of $400,000 and the accrued interest of $50,218.39 "without prejudice to the rights of the parties". And appellants

filed their motion asking the trial court to reconsider its decision announced by letter on February 21, 1975. This motion was argued and denied on December 19, 1975, but without the entry of a formal order.

On June 11, 1976, the lower court entered an order in the condemnation proceeding reciting that, "Petitioner and Defendants appeared before the Court by counsel and petitioned the Court for a final order". In its order the court found that the parties, without action of the court, had effected a compromise and that in furtherance thereof appellants had conveyed title to a portion of the land described in the condemnation proceeding to the City of Falls Church. The court denied the petition of appellants for an order directing that the accrued interest on the $400,000 sum be paid to them. It further ordered that the petition in condemnation be withdrawn and vacated "as to that portion of the property described in the petition for condemnation which has not been conveyed to [the City] by deed from [appellants]", and that "The [City's] interest in said land included in the condemnation petition but not included in the aforesaid deed is hereby divested".

Also on June 11, 1976, the trial judge in *Kiessling, et al.* v. *City of Falls Church*, the specific performance suit, entered a decree denying the relief prayed for by appellants. The court in a letter to counsel said:

"The issue before the Court at this time is whether or not the complainants are entitled to recover damages from the City of Falls Church for its failure to make timely settlement under the terms of a contract executed on behalf of the City on October 18, 1974 and by and on behalf of the complainants on September 19, 1974.

"At the time the suit was filed, February 7, 1975, settlement had not been made under the terms of the contract. Complainants offered to make settlement subject to a reservation of rights by both parties with respect to interest. Further, it appears that the controversy as to the allocation of interest had not been resolved at the time. A letter opinion with respect to the disposition of the interest was rendered by Judge Thornton on February 21, 1975.

"It is the opinion of the Court that neither party was prepared to enter into an unconditional settlement of the

contract. The dispute between the parties with respect to settlement under the terms of the contract was resolved on March 7, 1975 when settlement was actually held. By virtue of the settlement, the suit for specific performance has become moot.

"It is the opinion of the Court that the complainants are not entitled to recover either damages or counsel fees from the City of Falls Church. It appears from the evidence that an unconditional settlement was not possible prior to the time the differences between the parties were resolved."

It is the position of appellants that the filing of the City's petition and its deposit of $400,000 operated to terminate appellants' interest in the property sought to be condemned, and to vest title to such property absolutely in the City. Further, appellants say that they, as the former owners of the property, were thereby vested with such interest in the funds deposited as they previously had in the property taken; that the City thereupon had the right to enter upon and take possession of the property for its uses and purposes; and that appellants became entitled to any interest that accrued on the deposit.

■ We are confronted in this case with issues of fact only. Notwithstanding the prolonged negotiations between the Kiesslings and the City of Falls Church, and the execution of two formal agreements, the parties failed to resolve the important matter of which party was entitled to the interest that was accumulating on the $400,000. Appellants say that the consent order of October 22, 1973, provides the manner in which both the deposit and interest should be disbursed. This order contemplated four possible alternatives. Admittedly, the City never "withdrew its petition under applicable law", and the City did not prosecute its condemnation suit to the point which required an award to be approved by the court. Neither did the City's condemnation "proceeding result in a final taking of the land". The proceeding may have "precipitated" or "motivated" the compromise but it did not result in a final taking. The land was never condemned or taken. It was purchased from the owners who executed a deed therefor to the City. However, the fourth alternative provided for in the October 22, 1973 order does apply. It is reasonable to believe that the parties envisioned a possible development in the condemnation proceeding similar to what did occur, and provided that if the proceeding did not

result in a taking of land the interest earned on the deposit be paid as "justice may require". And, despite its disclaimer, the effect of the decision by the trial court was to invoke that portion of the order.

The City originally estimated the value of appellants' land to be $400,000 and made the deposit of that sum. Negotiations followed, and a compromise resulted. The City increased its offer to $500,000, decreased the amount of appellants' land to be acquired by over two acres, and agreed to a settlement that would result in certain tax benefits to appellants. The trial court decided that this was a compromise sale, voluntarily reached and agreed upon by the parties, and that its effect was to dispose of all matters in controversy or involved in the condemnation suit. Accordingly, it directed the return of the deposit and accumulated interest thereon to the City. The trial court obviously concluded that under the facts of the case "justice required" such a disposition since there was no final taking by condemnation but a voluntary conveyance pursuant to a compromise agreement.

█ It is apparent that the trial courts in both the condemnation proceeding brought by the City and the specific performance suit brought by the Kiesslings agreed that all matters in controversy had been resolved by the compromise agreement and the resulting sale and conveyance to the City by appellants. Hence, appellants were denied the accrued interest on the City's deposit and damages and counsel fees for the City's delay in effecting settlement.

The decisions of the lower courts come to us with a presumption of correctness, and we are not prepared to say that they are plainly wrong. Accordingly, the order and decree appealed from will be

*Affirmed.*