## CONTINENTAL INSURANCE COMPANY

### V.

## STATE FARM FIRE AND CASUALTY COMPANY

Record No. 880248

June 9, 1989

Present: Carrico, C.J., Compton, Stephenson, Thomas, Whiting, and Lacy, JJ., and Poff, Senior Justice

*R. Robert Giammittorio (Delaney & Giammittorio,* on brief), for appellant.

*Edwrd H. Grove, III (Brault, Palmer, Grove & Zimmerman,* on brief), for appellee.

Senior Justice Poff delivered the opinion of the Court.

To resolve this dispute between two liability insurers we must determine whether the cost of settling a personal-injury claim must be borne by one or shared by both. The parties agree to the facts.

A boat owned by Carter V. Boehm and operated with his permission by Ernest L. Duncan struck and injured Kenneth E. Beach while he was swimming in the Occoquan River near Woodbridge. Continental Insurance Company (Continental) had issued a yacht insurance policy to Boehm covering his boat, a 26-foot SeaRay powered by two 260-horsepower Mercruiser engines. The policy provided Boehm and permissive users of the boat, "protection and indemnity" for "boating liability" on claims up to $300,000. Continental's policy stated that "this insurance shall apply as excess over . . . other insurance".

State Farm Fire and Casualty Company (State Farm) had issued Duncan a homeowners policy. That policy insured Duncan, primarily as a homeowner, against risks of loss to his residence or the contents thereof or the personal liability pertaining thereto. In addition, the policy protected Duncan against claims for bodily injury arising out of his use or operation of certain watercraft. State Farm's policy also provided that its liability "shall be excess insurance over any other . . . insurance".

Continental negotiated a settlement for $26,682.31, and Beach executed a document releasing Boehm, Duncan and, derivatively, their insurers from all liability. State Farm refused to participate in the payment, and Continental filed a motion for judgment demanding contribution. The trial court sustained State Farm's motion to strike the evidence, and we granted Continental an appeal.

Continental argues that the "excess insurance" clauses in the two policies are mutually repugnant; that each is void under subparagraph D of Code § 38.2-2204, the "omnibus statute"; and, in either event, that both are inoperative. Consequently, Continental insists, "neither policy provides primary coverage" and "both policies must contribute equally to the settlement."

On brief, State Farm "agrees that without the omnibus [statute], both Continental's and State Farm's policies would [have] provided pro rata coverage." State Farm argues, however, that in light of the statute, Continental's policy provides primary coverage. Because the settlement payment did not exhaust Continental's coverage limit, State Farm concludes that it is not liable for contribution.

■ We agree that the issue as framed by the parties on appeal is controlled by the omnibus statute. Specifically, we are of opinion that the excess insurance clauses are not mutually repugnant, because we find that only one of the policies is subject to subparagraph A of the omnibus statute and, hence, that only the excess insurance clause in that policy is void under subparagraph D of the statute. Insofar as relevant here, Code § 38.2-2204 reads as follows:

> A. No policy . . . of bodily injury . . . liability insurance, covering liability arising from the ownership, maintenance, or use of any . . . private pleasure watercraft, shall be issued . . . to the owner of such . . . watercraft, or shall be issued . . . upon any . . . private pleasure watercraft that is principally . . . docked, or used in this Commonwealth, unless the policy contains a provision insuring the named insured, and any other person using . . . the . . . private pleasure watercraft with the expressed or implied consent of the named insured, against liability for . . . injury sustained . . . as a result of negligence in the operation or use of such . . . watercraft by the named insured or by any such person.
> . . . .

D. Any endorsement, provision or rider attached to or included in any such policy of insurance which purports or seeks to limit or reduce the coverage afforded by the provisions required by this section shall be void.

■ In the language of subparagraph A, Continental's policy was one "issued . . . to the owner of . . . watercraft"; it was one "issued . . . upon . . . watercraft principally . . . docked, or used in this Commonwealth"; and it was one "insuring the named insured and any . . . [permissive user] against liability for . . . injury sustained . . . as a result of negligence in the operation or use of . . . watercraft by the named insurer or by any [permissive] user." Because Continental's policy contained a "provision which purports or seeks to limit or reduce the coverage", that provision, the excess insurance clause, is "void" under subparagraph D.

■ On the other hand, State Farm's policy was a personal liability policy. It was one issued to a homeowner; it was *not* one "issued . . . to the owner of . . . watercraft"; it was not one issued upon "watercraft . . . principally . . . used in this Commonwealth", the use of which was subject to "the expressed or implied consent of the named insured". Consequently, the mandate in subparagraph A of the omnibus statute requiring a provision protecting a permissive user is wholly inapplicable. If subparagraph A is inapplicable, subparagraph D is irrelevant, and the excess insurance clause in State Farm's policy is valid.

Considering the facts as stipulated by the parties, we hold that Continental's yacht insurance policy provided primary coverage, that State Farm's homeowners policy provided only excess coverage, and that State Farm is not liable for contribution. Accordingly, we will affirm the judgment of the trial court.

*Affirmed.*