PRESENT: ALL THE JUSTICES

GOVERNMENT EMPLOYEES
INSURANCE COMPANY
                                              OPINION BY
v.  Record No. 022242             JUSTICE G. STEVEN AGEE
                                               JUNE 6, 2003
HOLMES S. MOORE, ET AL.

              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      M. Langhorne Keith, Judge

     This case arises from the parties' declaratory judgment

actions in the Circuit Court of Fairfax County seeking a

determination of Government Employees Insurance Company's

("GEICO") liability under a Pacesetter Plus Personal Umbrella

Liability Insurance policy ("umbrella policy") issued to Holmes

S. Moore and Maude E. Moore (collectively, the "Moores").

Holmes S. Moore ("Mr. Moore") presented claims to GEICO stemming

from an automobile accident in Calvert County, Maryland, in

which he was injured while a passenger in a car driven by his

wife, Maude E. Moore ("Mrs. Moore").  At the time of the

accident GEICO insured the Moores under two policies, a Family

Combination Automobile Insurance Policy (the "automobile

policy") and the umbrella policy.

     GEICO paid all the claims presented under the automobile

policy but sought a declaratory judgment that it was not liable

under the umbrella policy for any damages claimed by Mr. Moore.

The trial court held that GEICO was liable under the umbrella

policy to provide liability coverage to Mrs. Moore for the personal injury damages asserted by her husband.

We awarded GEICO this appeal in which it raises these issues:

(1) Whether Virginia Code § 38.2-2204 (the "omnibus clause") applies to the umbrella policy so as to render void the policy's exclusion for damages resulting from "[p]ersonal injury to . . . any insured." (2) Whether the Virginia endorsement to the umbrella policy is vague and ambiguous and therefore construed against GEICO so as to render the exclusion provision void. (3) Whether the umbrella policy's "severability of interests" clause mandates liability coverage to Mrs. Moore for Mr. Moore's claim against her regardless of the exclusion.

For the reasons discussed below, we disagree with the trial court's resolution of these issues and will therefore reverse the trial court's judgment.

I. FACTS AND PROCEEDINGS BELOW

Mr. Moore was a passenger in a vehicle driven by his wife and involved in an automobile accident with a bus in Maryland. Mrs. Moore's negligence was a proximate cause of the accident in which her husband was severely injured. The Moores owned the vehicle jointly and were insured under the automobile policy and the umbrella policy issued by GEICO. The automobile policy

2

provided liability coverage up to $300,000 per person.  The umbrella policy carried a coverage limit of $1,000,000.

GEICO paid the property damage and bodily injury claims made under the automobile policy by Mr. Moore and the injured bus passengers.  Mr. Moore then brought a negligence action against his wife in Maryland seeking further compensatory damages for his injuries.  The Moores allege that GEICO is liable, under the umbrella policy, to provide coverage to Mrs. Moore for any damages sustained by her husband and recovered in the Maryland suit.  GEICO responds that Mr. Moore's claims, whether made directly or through his wife, are barred by a specific exclusion in the umbrella policy.

GEICO and Mr. Moore entered into a contract for the umbrella policy designating him as the named insured.  The umbrella policy provides $1,000,000 in excess liability coverage for "damages on behalf of an insured arising out of an occurrence, subject to the terms and conditions of this policy." The policy defines "[d]amages" as "the total of: . . . damages an insured must pay (1) legally; or (2) by agreement with our written consent; because of personal injury or property damage covered by this policy."  (Emphasis added).

In denying coverage for Mr. Moore's claim, GEICO relies on the following exclusion provision in the policy.

Part III — EXCLUSIONS

3

We do not cover <u>damages</u> resulting from:

. . . .

     10.  <u>Personal</u> <u>injury</u> to any <u>insured</u>.

GEICO contends that this exclusion covers Mr. Moore and Mrs. Moore as insureds and, therefore, that any personal injury damages claimed by either is outside the scope of the umbrella policy's coverage.

The Virginia endorsement to the umbrella policy amends the "definitions" section of the policy and provides the following definition of "insured" in Section 5A:

"Insured" means:

> You and *your* spouse if a resident of *your* household; *both* with respect to a non-owned auto furnished for regular use by *you* or *your* spouse, only if the auto is insured in a primary auto policy.  (Emphasis modified)

The definition section of the policy, unamended by the Virginia endorsement, provides "you" means "the 'named insured' in the declarations and spouse."

At trial, the Moores argued that the phrase beginning with "both" in Section 5A of the Virginia endorsement rendered the term "insured" vague and ambiguous.  Accordingly, they contended that the policy exclusion for personal injury damages to an "insured" is vague and ambiguous and must be construed against the insurer to provide coverage to the Moores.  GEICO disagreed, arguing that there is a scrivener's error substituting "both"

4

for "but" in the Virginia endorsement and that any ambiguity did not affect a material term of the policy.

The Moores further contended in their declaratory judgment action that Code § 38.2-2204(A), the omnibus clause, applied to the umbrella policy and rendered the exclusion void. Lastly, the Moores contended that the severability of interests clause in the policy should be construed as applying only to Mrs. Moore, the party against whom the liability claim was being made, and not against Mr. Moore, therefore requiring coverage for her.

The trial court's declaratory judgment order declared that GEICO is required to provide coverage under the umbrella policy.[1] This appeal followed.

---

[1]   The trial court found that:
1.   Exclusion 10 of GEICO's pacesetter plus Policy Number P4124672, hereinafter the "pacesetter plus policy", as defined by Section 5(A) of the Virginia Endorsement, is in violation of the omnibus clause "Virginia Code Section 38.2-2204", and is therefore void;
2.   Section 5(A) of the Virginia Endorsement to the pacesetter plus policy is vague and ambiguous; is construed against GEICO and in favor of coverage for Maude E. Moore providing liability coverage to her for personal injuries sustained by Holmes S. Moore in the December 22nd, 1999, automobile accident for up to the full amount of the pacesetter plus policy coverage for One Million Dollars ($1,000,000.00);
3.   The severability of interest clause of the pacesetter plus policy applies separately to each insured, Holmes S. Moore and Maude E. Moore; and any exclusion of liability coverage in the policy for an insured applies to the individual claiming coverage; Maude E. Moore and not Holmes S. Moore;

5

## II.  ANALYSIS

### A.  Application of the Omnibus Clause
### to the Umbrella Policy

The Moores contend that the umbrella policy is one of "bodily injury or property damage liability insurance . . . issued . . . upon any motor vehicle . . . principally garaged . . . in this Commonwealth" under Code § 38.2-2204(A).  They argue that the umbrella policy is written upon the automobile in which the accident occurred and therefore that the omnibus clause applies to void any exclusion from coverage under Code § 38.2-2204(D).  The trial court's order does not specify the reason for the court's holding that the omnibus clause applies; however, the trial judge stated from the bench that the umbrella policy exclusion violated the omnibus clause because there is "no difference between Mr. Moore as a plaintiff and Mr. X as a plaintiff."  In any event, we disagree with the Moores and the trial court that the omnibus clause applies to the umbrella policy.

---

4.  GEICO is liable to provided [sic] liability coverage to Maude E. Moore for personal injuries sustained by Holmes S. Moore caused by the auto accident of December 22nd, 1999, for up to One Million Dollars ($1,000,000.00) under the pacesetter plus policy, over and above the underlying policy limits of Three Hundred Thousand Dollars ($300,000.00) of GEICO's family automobile policy, number 209-66-21-0, issued to Holmes S. Moore for the period October 7th, 1999, to April 7th, 2000, and in effect at the time of the December 22nd, 1999, accident . . . .

First and foremost, the Moores' argument fails, and the trial court erred, because the umbrella policy is not a policy issued "upon any motor vehicle" as contemplated by the omnibus clause. While the automobile policy is clearly within the ambit of the omnibus clause, the policy is written by its plain terms to insure the automobile and the Moores by virtue of their use of that automobile. The automobile policy specifically identifies the Moores' vehicle as an "owned automobile" and in the agreement GEICO specifically agrees to pay for "bodily injury . . . arising out of the ownership, maintenance or use of the owned automobile."

By contrast, the umbrella policy's plain terms contain no explicit agreement to insure against incidents causally related to ownership of an automobile, but instead provide general liability insurance for "damages" upon an "occurrence." Nowhere does the umbrella policy undertake to insure the Moores' vehicle as the automobile policy does. The umbrella policy provides personal insurance for general liability.

We have clearly recognized that a general liability policy, simply because it can provide coverage for a claim related to a motor vehicle, aircraft or a watercraft accident, does not come within the ambit of the omnibus clause because the policy is not written upon the car, plane or boat. In <u>Continental Ins. Co. v.</u>

State Farm Fire and Cas. Co., 238 Va. 209, 380 S.E.2d 661 (1989), Continental's insured owned a boat which, while being operated by the owner's friend, struck and caused injury to a third party. The Continental policy specifically insured the boat and provided "boating liability," but also contained an "excess over other insurance" clause. Id. at 210, 380 S.E.2d at 662.

The owner's friend was insured under a State Farm homeowner's personal liability policy which covered claims for bodily injury arising out of his use or operation of watercraft. The State Farm policy also contained an "excess over other insurance" clause. Id.

Continental contended that each policy's excess coverage exclusion violated the omnibus clause and both were therefore void so that each insurer must contribute pro rata to the accident damages. We held that only Continental's policy violated the omnibus clause because it was "issued upon 'watercraft'". The State Farm policy was not issued upon watercraft, and thus the omnibus clause did not apply and no contribution was due from State Farm. Id. at 212, 380 S.E.2d at 663. We had previously reached a similar conclusion in Commercial Union Ins. Co. v. St. Paul Fire and Marine Ins. Co., 211 Va. 373, 177 S.E.2d 625 (1970). "It is a personal liability

8

policy and the 'omnibus clause' is not applicable to such a policy." Id. at 376, 177 S.E.2d at 627.

For the same reasons noted in the foregoing cases, the umbrella policy in the case at bar is one of general liability and by its plain terms is not "issued upon a motor vehicle." Therefore, the omnibus clause does not apply.

The Moores further argue that in this case the umbrella policy is governed by the omnibus clause because it lists rating information factors on the face of the policy. The rating information listed includes a factor for the Moores' specific vehicle. Listing such rating information, however, does not convert the general liability policy into one issued "upon any motor vehicle." The coverage terms of an insurance policy are a matter of contract between the parties, but the insurer's rating information is not. The plain language of Code § 38.2-2204 does not support the view that insurance premium rating information shown in a policy of general liability transforms that policy into one written "upon any motor vehicle" and thus subject to the omnibus clause.

In State Capital Ins. Co. v. The Mutual Assurance Soc. of Virginia, 218 Va. 815, 241 S.E.2d 759 (1978), we considered whether a contract of general liability insurance was covered by the omnibus clause because the policy contained a watercraft endorsement for boats of a certain horsepower. Several general

9

liability homeowners policies provided coverage for injuries sustained in a boating accident and all the policies contained an excess over other insurance clause. The trial court ruled that each insurer was to contribute pro rata to the total recovery.

State Capital contended that a watercraft endorsement in the Mutual Assurance policy converted it from a general liability policy to one "issued . . . upon [a] watercraft" and thus subject to the omnibus clause and primary liability. We held that the omnibus clause did not apply because the Mutual Assurance endorsement simply clarified an exclusion in its policy by reference to a specific horsepower of an outboard motor and was therefore not issued "upon [any] watercraft."[2] State Capital, 218 Va. at 819, 241 S.E.2d at 761.

---

[2] Not only does the plain language of the umbrella policy show it is not one "issued upon any motor vehicle", but contrary to the trial court's view, there is a substantial difference between Mr. Moore and Mr. X as a party plaintiff under the insured's own general liability policy. The omnibus clause is to protect the public from loss caused by negligent permissive users of insured motor vehicles. See e.g. Transit Casualty Co. v. Hartman's Inc., 218 Va. 703, 239 S.E.2d 894 (1978); Bankers & Shippers Ins. Co. v. Watson, 216 Va. 807, 224 S.E.2d 312 (1976); Safeco Ins. Co. of America v. Merrimack Mut. Fire Ins. Co., 785 F.2d 480 (4th Cir. 1986). As these cases illustrate, the omnibus clause cannot be used to convert a third-party liability insurance policy into one that gives the named insured first-party coverage. In each of the foregoing cases, the named insured's general liability policy was found to exclude that insured from coverage for his own damage claims.

For all these reasons, we conclude that the trial court erred in determining that the omnibus clause applied to the umbrella policy.

### B. Exclusion for Personal Injury in the Virginia Endorsement

An exclusion in the umbrella policy excludes from coverage any damages for "[p]ersonal injury to . . . any insured." The trial court ruled that the exclusion was void because it found certain provisions of the Virginia endorsement vague and ambiguous. Accordingly, the trial court determined that the umbrella policy must be construed against GEICO and in favor of providing liability coverage to Mrs. Moore for her husband's claims.

In support of the trial court's ruling, the Moores argue that Section 5A of the Virginia endorsement, which defines the term "insured," is so vague and ambiguous that our case law requires that the policy be interpreted in a manner that provides them coverage. See Lower Chesapeake Assocs. v. Valley Forge Ins. Co., 260 Va. 77, 532 S.E.2d 325 (2000) (finding that the disputed policy language permitted more than one reasonable interpretation and construing the policy in favor of providing coverage). We disagree with the Moores' reading of the umbrella

Moreover, Mrs. Moore's argument would also fail under an omnibus clause claim because as one of the "insureds" and owner of the vehicle, she was not a permissive user.

policy and conclude that the trial court erred in holding the exclusion provision inoperative.

> Contracts of insurance, however, are not made by or for casuists or sophists, and the obvious meaning of their plain terms is not to be discarded for some curious, hidden sense, which nothing but the exigency of a hard case and the ingenuity of an acute mind would discover. Contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used; and, if they are clear and unambiguous, their terms are to be taken in their plain, ordinary and popular sense."

Bawden v. American Ins. Co., 153 Va. 416, 426, 150 S.E. 257, 260 (1929) (quoting Delaware Ins. Co. v. Greer, 120 F. 916, 920-21 (8th Cir. 1903)).  See Imperial Fire Ins. Co. v. Coos Co., 151 U.S. 452, 463 (1894).

Section 5A of the Virginia endorsement, the flawed clause, states as follows:

> 5.   "Insured" means:
>
>> A.  You and your spouse if a resident of your household; both with respect to a non-owned auto furnished for regular use by you or your spouse, only if the auto is insured in a primary auto policy (some emphasis added).

GEICO readily concedes the term "both" erroneously replaced the word "but" in the Virginia endorsement.  As evidence that this word substitution was unintentional, GEICO points to the version of the Virginia endorsement approved by the State Corporation Commission in 1990.  Although the approved Virginia

endorsement form contained the word "but," for reasons unknown, an apparent typographical error substituted the word "both" in later versions of the form attached to umbrella policies issued by GEICO. GEICO contends that this error does not render the exclusion clause of the umbrella policy void and that the plain language of the umbrella policy, read as a whole, clearly identifies Mr. Moore as an "insured" who is excluded from coverage.

> Insurance policies are contracts whose language is ordinarily selected by insurers rather than by policyholders. The courts, accordingly, have been consistent in construing the language of such policies, <u>where there is doubt as to their meaning</u>, in favor of that interpretation which grants coverage, rather than that which withholds it. Where two constructions are equally possible, that most favorable to the insured will be adopted. Language in a policy purporting to exclude certain events from coverage will be construed most strongly against the insurer.

<u>St. Paul Fire & Marine Ins. Co. v. S. L. Nusbaum & Co.</u>, 227 Va. 407, 411, 316 S.E.2d 734, 736 (1984) (emphasis added) citing <u>Ayres v. Harleysville Mut. Cas. Co.</u>, 172 Va. 383, 2 S.E.2d 303 (1939); <u>Fidelity & Casualty Co. v. Chambers</u>, 93 Va. 138, 24 S.E. 896 (1896); <u>United States Mutual Accident Assn. v. Newman</u>, 84 Va. 52, 3 S.E. 805 (1887). "[D]oubtful, ambiguous language in an insurance policy will be given an interpretation which grants coverage, rather than one which withholds it." <u>Granite State</u>

13

<u>Ins. Co. v. Bottoms</u>, 243 Va. 228, 234, 415 S.E.2d 131, 134 (1992).

We find that the meaning of the "both clause"[3] in the Virginia endorsement leaves no doubt, under the facts of this case, as to the plain meaning of the exclusion. Mr. Moore is unquestionably shown as the named insured on the face of the policy in the declarations. The definition section of the policy defines the term "you" to mean the "named insured in the declarations and spouse." While the Virginia endorsement changes the definition of "insured" from that in the definitional section of the policy, it does not change the definition of "you."

Under the Virginia endorsement, the term "Insured" undoubtedly means "[y]ou and your spouse" – regardless of the meaning of the "both clause". There is no vagueness or ambiguity here as to who are the insureds. The insured is "you" and that means Mr. Moore, the named insured in the declaration, and his spouse, Mrs. Moore. Such an insured is excluded from coverage for any personal injury to that insured under the plain terms of the exclusion clause: "[p]ersonal injury to . . . any insured."

---

[3] By "both clause" we mean the following portion of section 5A of the Virginia endorsement: "both with respect to a non-owned <u>auto</u> furnished for regular use by your or your spouse, only if the <u>auto</u> is insured in a primary auto policy."

14

While the "both clause" is unclear, that lack of clarity is immaterial to the plain meaning of the preceding provision. Any ambiguity in the "both clause" affects the use of a non-owned automobile which is simply immaterial to the facts of the case at bar. Had the Moores been driving a non-owned automobile, the "both clause" might have been material, but that argument is moot since the Moores unquestionably owned the vehicle involved in the accident.

The Moores argue further that the definition of "insured" applies to the Moores only if they were using a non-owned automobile at the time of the accident. However, as we just determined, their reading does not comport with the clear meaning of the rest of the umbrella policy as to who is an insured. Moreover, the Moores ignore the absurd result their argument produces. If the "insured" is limited to the Moores while using a non-owned automobile, that definition covers not just the exclusion provision but applies to the policy as a whole. The Moores' interpretation would mean that under the umbrella policy they would only be insured while driving a non-owned automobile, a concept directly contrary to the remainder of the umbrella policy and the intent of the parties as expressed through the policy's terms.

"While any ambiguity must be resolved against the insurer, the construction adopted should be reasonable, and absurd

results are to be avoided." Transit Casualty Co. v. Hartman's Inc., 218 Va. 703, 708, 239 S.E.2d 894, 896 (1978). The Moores' argument produces an absurd result and we accordingly reject it.

For all the foregoing reasons, the trial court's ruling that the exclusion clause is void was error.

### C. The "Severability of Interests" Clause

Having determined that the omnibus clause does not apply to the umbrella policy and that the exclusion for personal injury to the insured applies to Mr. Moore, we must next ascertain the effect, if any, of the policy's "severability of interests clause" (the "severability clause") which states: "This insurance applies separately to each insured. This provision shall not increase our liability limit for one occurrence." The trial court ruled that the severability clause applied separately to each insured and that any exclusion of liability coverage in the policy for an insured applies only to the insured claiming coverage, Mrs. Moore, not Mr. Moore.

In support of the trial court's ruling, the Moores argue that, notwithstanding that Mr. Moore is undoubtedly an "insured" under the umbrella policy, the severability clause requires that he not be considered as such because it is another insured, Mrs. Moore, who claims coverage in this instance. The Moores rely on Bankers & Shippers Ins. Co. v. Watson, 216 Va. 807, 224 S.E.2d 312 (1976), to support their position. We disagree and conclude

16

that the trial court's ruling on the severability clause was erroneous.

In Bankers & Shippers, a case involving claims by injured third parties against a permissive user (an employee of the named insured), "[w]e construed . . . the severability of interests clause to serve its designed purpose of making certain that, when a claim is asserted by a member of the public against a permissive user, the latter becomes 'the insured,' with respect to that claim, under the named insured's liability insurance contract." Hartman's, 218 Va. at 708, 239 S.E.2d at 897 (emphasis added). However, we noted in Bankers & Shippers that the named insured, in the policy under consideration in that case, was excluded from coverage. 216 Va. at 815, 224 S.E.2d at 317.

Similarly, in Hartman's we rejected a contorted construction of the severability clause which attempted to excise from the policy its plain language excluding the named insured from coverage.

> [O]nly the interests of the direct parties to the insurance contract, the named insured and the insurer, are in issue, and only a strained application of the severability of interests clause can overcome the effect of the exclusion clause. To adopt such a strained application would ignore the clearly expressed intention of the parties, would enlarge the obligations undertaken originally by the insurer, and would permit a windfall to Hartman. A rule of reason applies to avoid these results.

17

Hartman's, 218 Va. at 709, 239 S.E.2d 897; see also Safeco Ins. Co. of America v. Merrimack Mut. Fire Ins. Co., 785 F.2d 480 (4th Cir. 1986) (applying Hartman's and Bankers & Shippers).

The severability clause, under the Bankers & Shippers and Hartman's analysis, prevents an insurer from denying a permissive user liability coverage under the named insured's policy by invoking an exclusion of "insureds." This serves to protect members of the public injured by the negligence of a permissive user. Conversely, applying the Moores' version of the Bankers & Shippers analysis to the severability clause in the case at bar would place Mr. Moore, although he is a named insured in privity with the insurer, in the same position as a third-party member of the public. To do so would contradict the obvious intention of the parties and, as noted in Hartman's and Safeco, convert the umbrella policy from a third-party excess liability policy into a first-party personal injury policy. There is no authority for applying the severability clause in such a manner.

For these reasons, we conclude the trial court erred in its interpretation of the severability clause and in its holding that the umbrella policy's exclusion only applied to Mrs. Moore and not to Mr. Moore.

III.  CONCLUSION

The trial court erred in determining that the omnibus clause of Code § 38.2-2204(A) applied to the umbrella policy. Further, the trial court erred in determining that the exclusion in the umbrella policy was vague and ambiguous and thus inoperative. The trial court also erred in its application of the severability of interests clause.

Therefore, the judgment of the trial court will be reversed and final judgment entered for GEICO.

<u>Reversed and final judgment</u>.