**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-1969

NATIONAL LIABILITY AND FIRE INSURANCE COMPANY,

Plaintiff − Appellee,

v.

STATE FARM FIRE AND CASUALTY INSURANCE COMPANY,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Gerald Bruce Lee, District Judge.  (1:17-cv-00420-GBL-TCB)

Submitted: January 9, 2018                    Decided:  May 31, 2018

Before WYNN, DIAZ, and FLOYD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Dawn E. Boyce, BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C., Fairfax, Virginia, for Appellant.  Christopher A. Abel, Justin G. Guthrie, WILLCOX & SAVAGE, P.C., Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case arises from a yacht accident that occurred in August 2016. The yacht was insured against personal injury claims by separate policies issued by State Farm Fire and Casualty Company and National Liability and Fire Insurance Company. Two passengers on board were injured and brought claims against the yacht's owner, who was the named insured on the two policies.

Each policy contains an "other insurance" clause that explains how the policy will operate if another insurer provides coverage for the same liability. State Farm's "other insurance" clause provides that it will pay a pro rata share of any claim up to the limit of its policy. National Liability's "other insurance" clause, on the other hand, provides that its coverage will apply only after any other coverage has been exhausted.

In a suit to ascertain the scope of coverage for the accident, the district court held that National Liability's "other insurance" clause is valid under Va. Code § 38.2-2204 (the "Omnibus Statute"), and that the two policies could be reconciled to require that State Farm first cover the claim up to the limits of its policy before National Liability would be required to pay.

On appeal, State Farm argues that National Liability's "other insurance" clause is void under the Omnibus Statute, so the parties should share coverage responsibilities pro rata. Because we agree with State Farm's first contention, we vacate the district court's judgment and remand for further proceedings consistent with this opinion.

2

## I.

## A.

We begin with a brief discussion of Virginia's Omnibus Statute, which is central to the dispute before us. The Omnibus Statute applies to liability insurance policies for bodily injury or property damage that cover "liability arising from the ownership, maintenance, or use" of "any motor vehicle, aircraft, or private pleasure watercraft." Va. Code § 38.2-2204(A). As relevant here, the statute disallows any provision that "purports or seeks to limit or reduce the coverage" that is required by the statute. Va. Code § 38.2-2204(E). This includes "other insurance" clauses in covered policies that provide that an insurance company's obligations to pay or defend will be in excess of any other existing liability coverage. Because such clauses "limit or reduce" coverage, they are void under the Omnibus Statute. *See Continental Ins. Co. v. State Farm Fire & Cas. Co.*, 380 S.E.2d 661, 663 (Va. 1989). But if the policy is not governed by the Omnibus Statute, then the rule against limiting coverage does not apply. *See id.*

## B.

As noted earlier, the two insurance policies in this appeal have "other insurance" clauses that explain how each policy will operate if another insurer provides coverage for the same liability. State Farm's policy states that it will pay a pro rata share of any claim up to the limit of its policy. In contrast, National Liability's policy provides coverage only after any other coverage has been exhausted.

3

After the boating accident occurred, National Liability sued for a declaration interpreting the two "other insurance" provisions. National Liability claimed that State Farm should provide sole primary coverage for the accident and that National Liability had no duty to defend or provide indemnification until after State Farm's policy limit had been exhausted. State Farm responded that National Liability's "other insurance" clause violates the Omnibus Statute, which prohibits any limitation on coverage. Under State Farm's view of the case, National Liability was required to pay its pro rata share of the claim.

On cross-motions for judgment on the pleadings, the district court found for National Liability, concluding that its "other insurance" clause did not violate Virginia law. Accordingly, the court declared that State Farm had the sole duty to defend and that National Liability need not indemnify until State Farm's policy limits had been exhausted.

We review de novo a motion for judgment on the pleadings. *Butler v. United States*, 702 F.3d 749, 751–52 (4th Cir. 2012).

II.

We conclude that the Supreme Court of Virginia's decision in *Continental* resolves this appeal in favor of State Farm. In that case, two insurance companies provided liability insurance to the insured for boating accidents. *Continental*, 380 S.E.2d at 661. One policy, however, was issued as yacht liability insurance, while the other provided coverage as part of a homeowners policy. Both policies had similarly worded "other insurance" clauses that

4

stipulated that each insurance company's payments would apply as excess over any other existing liability coverage. *Id.* at 662.

The Supreme Court of Virginia determined that the yacht policy was governed by the Omnibus Statute, since the statute applies only to policies "covering liability arising from the ownership, maintenance, or use of any . . . private pleasure watercraft." Va. Code § 38.2-2204(A). Accordingly, the court held that the "other insurance" clause in the yacht insurance policy was void under the Omnibus Statute as an impermissible limit or reduction in coverage because the Omnibus Statute disallows "*[a]ny* endorsement, provision or rider attached to or included in any such policy of insurance which *purports or seeks to limit* or reduce the coverage." Va. Code § 38.2-2204(E) (emphasis added); *Continental*, 380 S.E.2d at 663. The nearly identical excess coverage clause in the homeowners insurance policy was not void, however, because the Omnibus Statute does not apply to such general liability policies. *Id.*

Similarly, National Liability's "other insurance" clause here is void as an impermissible limitation on liability coverage. As a policy providing "bodily injury or property damage liability insurance, covering liability arising from the ownership, maintenance, or use of [a] . . . private pleasure watercraft," there is no doubt that the National Liability policy is governed by the Omnibus Statute. Va. Code § 38.2-2204(A). And because the policy's "other insurance" clause applies only as excess over other insurance policies on the yacht, it is an impermissible limit on coverage under subsection

5

(E) of the statute.  *See* Va. Code § 38.2-2204(E) (any provision that "seeks to limit or reduce the coverage . . . shall be void."); *Continental*, 380 S.E.2d at 663.

The district court held otherwise because it misread *Continental* as a blanket ruling allowing for enforcement of excess coverage clauses in all cases.  But the limited holding in that case was that the excess coverage clause in a homeowners policy was valid because it was not subject to the Omnibus Statute.  This case, of course, involves an excess clause in a liability policy squarely within the scope of the statute.

National Liability cites two Virginia cases in support of the district court's judgment, but neither is helpful here because both address the validity of insurance limitations dealing with non-owned vehicles, which the Omnibus Statute does not prohibit. In *Am. Motorists Ins. Co. v. Kaplan*, one of the two policies limited the coverage provided to the permissive user of a non-owned vehicle.  161 S.E.2d 675, 679 (Va. 1968).  The court determined that while the Omnibus Statute did apply to the automobile insurance policy as a whole, it did not prohibit limitations on the coverage provided to permissive users of non-owned vehicles.  *Id.*  Therefore, an excess "other insurance" provision was "a valid limitation of coverage" because the Omnibus Statute did not apply in that instance.  *Id.* (emphasis added).

Similarly, in *Hardware Mut. Cas. Co. v. Celina Mut. Ins. Co.*, the court found an escape clause[1] in a garage policy issued to the *owner* of a temporary substitute vehicle void but upheld an excess clause for substitute automobiles in another policy that was issued to the *operator* of the vehicle. 161 S.E.2d 680, 681–82 (Va. 1968). Relying entirely on its concurrent decision in *Kaplan*, the court clarified that the Omnibus Statute does not prohibit limitations in coverage for non-owned substitute vehicles. *Id.*

The question before us, however, is whether such a clause may be enforced in a policy clearly covered by the Omnibus Statute. Because *Continental* answers that question "no," the district court erred in holding otherwise.

## III.

For the reasons given, we vacate the district court's judgment and remand for further proceedings consistent with this opinion.[2]

*VACATED AND REMANDED*

---

[1] An "escape clause" purports to release an insurer from coverage obligations if other insurance exists. *Commonwealth v. Va. Ass'n of Ctys. Grp. Self Ins. Risk Pool*, 787 S.E.2d 151, 156–57 (Va. 2016).

[2] State Farm asks that we direct entry of judgment in its favor and specify how much each insurer must contribute. We decline to do so, leaving that task to the district court in light of our decision.